## THOMPSON and others *vs.* HOWE.

Where a penalty given by statute, for the commission of a fraud, is by the terms of the statute "to be sued for in any court of competent jurisdiction, *for the benefit* of the person or persons, &c, upon whom such fraud shall be committed," in the absence of any specification, in terms, by whom the action is to be brought, it must be in the names of the persons for whose benefit the suit is prosecuted; i. e. in the names of the real parties in interest.

Accordingly, an action for a penalty under the act of May 2, 1864, "to protect butter and cheese manufacturers," (*Laws of* 1864, *ch.* 518,) for supplying to a cheese manufactory skimmed milk and milk diluted with water, to be manufactured into cheese, is properly brought in the names of the owner of the factory and the persons bringing milk to the factory to be manufactured into cheese; where the arrangement between the parties is that the milk brought by each person shall be weighed as delivered at the factory, run into receiving vats and made into cheese; and when the cheese is sold, the money shall be divided among the customers, according to the quantity of milk furnished by each, after deducting the cost of manufacturing.

It is not necessary that a statute giving a pecuniary penalty or forfeiture should in terms direct in whose name the action for its recovery shall be brought. When it is given to a party injured or aggrieved by the act or omission of another, such party, in the absence of any provision to the contrary, may bring the action for its recovery, in his own name.

APPEAL from an order of a county court denying a motion for a new trial.

*J. S. Newton,* for the plaintiffs, (appellants.)

*S. S. Merritt,* for the defendant, (respondent.) .

*By the Court,* PARKER, P. J. This action was originally brought in a justice's court, to recover a penalty against the defendant for supplying to a cheese manufactory skimmed milk and milk diluted with water, to be manufactured into cheese. In that court a judgment for more than fifty dollars was obtained. An appeal was taken to the county court, and upon the trial of the action in that court, the plaintiffs were nonsuited, on the ground that they were not the proper parties to bring the action.

The act under which the penalty was incurred was as follows : " Whoever shall knowingly sell, supply or bring to be manufactured, to any cheese or butter manufactory in this state, any milk diluted with water, or in any way adulterated, or milk from which any cream has been taken, or milk commonly known as 'skimmed milk,' or whoever shall keep back any part of the milk known as 'strippings,' shall, for every such offense, forfeit and pay a sum not less than twenty-five dollars, nor more than one hundred dollars, with costs of suit, to be sued for in any court of competent jurisdiction, for the benefit of the person or persons, firm, association or corporation upon whom such fraud shall be committed." (*Sess. Laws of* 1864, *ch.* 518.)

It was shown that the plaintiff Thompson was the owner of a cheese factory in the town of Otselic, Chenango county ; that from the 1st of June to the 11th of July, 1864, the other plaintiffs and the defendant brought milk to his factory to be manufactured into cheese, and that he, also, during the same time, supplied milk at the factory for the same purpose ; that the arrangement between the parties was, and such was the practice, that every man's milk should be weighed from day to day, morning and evening, as it was delivered at the factory, and then run into receiving vats, prepared for all the milk received from all the customers, from which it was manufactured into cheese ; that when the cheese was sold, the money was to be divided according to the weight of the milk, deducting one cent per pound, which went to Thompson for manufacturing, and the cost of the findings (rennet, annato, &c.) which Thompson furnished, chargeable to each man's quantity.

If the defendant was guilty of watering or skimming his milk before he took it to the factory, it is manifest that the plaintiffs, and they only, were the persons thereby defrauded, and the penalty which the defendant thereby forfeited is, by the terms of the act, " to be sued for in any court of competent jurisdiction, *for the benefit* of the person or persons, &c.

upon whom such fraud shall be committed ;" that is, in this case, the plaintiffs. Now it is true that the act does not, in terms, specify by whom the action is to be brought, but in the absence of any such specification it must be held, I think, that it must be in the names of the persons for whose benefit the suit is brought ; or, in the language of the Code, that it " must be prosecuted in the name of the real party in interest." This is the rule established by the Code, (§ 111,) and, with the exceptions specified in sections 111, 113, 114 and 119, and others it may be, specially provided for in certain statutes, is universal. This case is not within either of the exceptions, and I am therefore unable to see why the action is not well brought by these plaintiffs.

On the subject of actions for penalties and forfeitures, it was provided by the Revised Statutes, that " when a pecuniary penalty or forfeiture is specially granted by law to any person injured or aggrieved by any act or omission of another, the same may be sued for in an action of debt, or in an action of assumpsit," (2 *R. S.* 480, § 1, 1*st ed.*) that is, sued for by the person to whom the penalty is granted. Such is the meaning of the section, as shown by the whole scope of the article in which it is found — by the universal understanding and practice of the profession — by the well established forms of pleading — and by the virtual concession of the courts. It is not necessary, then, that the act granting a pecuniary penalty or forfeiture in such cases should, in terms, provide in whose name the action for its recovery should be brought. Where it is given to a party injured or aggrieved by the act or omission of another, as in the case at bar, such party, in the absence of any provision to the contrary, may bring the action for its recovery in his own name. (2 *Wait's Law & Pr.* 284 ; *and see* 4 *Denio,* 374 ; 2 *Comst.* 182.)

The case of *Seward* v. *Beach,* (29 *Barb.* 239,) relied upon by the respondent, is not in conflict with the view above taken. That was an action by a common informer, upon a statute granting a penalty, not to a person injured or ag-

grieved by the act or omission of another, but to be divided, one half to the complainant and the other half to the county treasurer, for the benefit of the poor fund of the county.   The act does not authorize the complainant to sue for this penalty, but, as construed by the court, contains a provision implying that he is not to do so.   He does not, so far as appears, bring the action as well for the county treasurer as himself.   Clearly he could not, without a special authority in the act, bring the action for the penalty — to only a part of which he would, when recovered, become entitled — in his own name alone, and the court very properly so held.

   The fact that Thompson's contracts with the defendant, and each of the other plaintiffs, were separate, does not alter the case.   The statute gives the penalty to the persons defrauded.   It is of no consequence what other relations, or whether any, exist between them.   If the act complained of is a fraud upon them, and thereby they are injured or aggrieved, that makes them jointly interested in the penalty, and entitles them to unite in bringing the action.   In what proportions they are interested is not for the defendant to inquire, and is not necessary now to determine.   I am of the opinion that the order of the county court denying a new trial should be reversed, and a new trial granted, with costs to abide the event.

New trial granted.

   [BROOME GENERAL TERM, July 10, 1866.   *Parker, Mason, Balcom* and *Boardman*, Justices.]