# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF THE

## STATE OF WISCONSIN.

### LYNCH vs. THE STEAMER "ECONOMY."

(1.) CONSTITUTIONAL LAW: *Fines for breach of penal statute must go into school fund.* Ch. 59, Laws of 1861; Const. Art. 10, sec. 2.

(2, 3.) PENAL STATUTE: *Penalty for steamboat navigating certain rivers without spark-catcher.—Statute enforced notwithstanding invalidity of one provision.—In whose name the action must be brought.*

(4.) PLEADING: *Averment of complaint treated as surplusage.*

1. So much of sec. 2, ch. 59, Laws of 1861, as declares that one-half of the penalty imposed by that act upon steamboats navigating certain rivers of this state without any sufficient spark-catcher, etc., shall go to the county within which the offense was committed, is invalid, being contrary to sec. 2, Art. 10, of the state constitution, which devotes the clear proceeds of fines collected for the breach of any penal statute to the school fund.

2. The other provisions of said section are nevertheless valid, and one-half the penalty will be payable to the complainant, and the other half to the state for the school fund.

3. *It seems* that the statute, simply by making one-half of the penalty payable to the complainant, authorizes him to bring the action in his his own name alone; but if this were doubtful, the further provision that such penalty shall be deemed a lien against the boat, *to be sued for and collected like other demands* against boats, must be held to contemplate a suit by the complainant as the party in interest; he being liable (section 31, chapter 184, Laws of 1869) for the defendant's costs and disbursements if he fails to recover.

4. An averment in the complaint that plaintiff sues *for the use of the county,* as well as for himself, may be treated as surplusage, and does not make the pleading bad on demurrer.

APPEAL from the Circuit Court for *Green Lake* County.

The defendant demurred to the complaint for lack

of jurisdiction in the court, for a defect of parties plaintiff, and for insufficiency of facts; and appealed from an order overruling the demurrer. The nature of the complaint will appear from the opinion.

*Wheeler & Waring*, for appellant, contended that sec. 2, ch. 59, Laws of 1861, was in contravention of sec. 2, Art. 10 of the constitution of this state, and void (*State v. Casey*, 5 Wis. 318); that the state should have been plaintiff (R. S. ch. 155, sec. 2); or that if the complainant was a proper party plaintiff, the county should have been joined. R. S. ch. 122, sec. 20.

*Ryan & Kimball*, for respondent, contended that the action was properly brought under ch. 59, Laws of 1861, and ch. 184, Laws of 1869, the former conferring *jurisdiction*, and the latter regulating the *procedure*; that ch. 155, R. S., applies to a different class of cases; that this was a *qui tam* action, and the complaint in proper form, and the county need not be joined as a party. R. S. ch. 122, sec. 14; 2 Van Santv. 443. As to the jurisdiction of the circuit court, they cited 5 Wis. 91, 454; 17 id. 101.

COLE, J. This action is brought to recover the penalty given by chap. 59, Laws of 1861, for navigating the Fox river with a steam propeller without the boat being provided with any sufficient spark-catcher or screen to prevent the escape of sparks or burning cinders from the chimneys. The complaint is demurred to, on three grounds. The second ground is, that there is a defect of parties plaintiff, in that the county of Green Lake and the state should have been joined as parties plaintiff in the action.

The second section of the above law enacts, that if any boat propelled wholly or partly by steam is run, in certain waters in the state, contrary to the provisions of the first section, then, and in that case, the owner, agent or consignee of the boat shall be liable to pay a penalty of $200, one-half for the use of the

county within the jurisdiction whereof such offense was committed, and one-half for the use of the complainant; which penalty shall be a demand against and lien upon the boat, to be sued for and collected in the manner provided in chap. 151, Laws of 1859, or that may thereafter be provided for the collection of demands against boats and vessels.

The action is evidently a *qui tam* action, and, we are inclined to hold, may be brought in the name of the complainant alone.

It is a general rule, that a common informer cannot sue for a penalty unless authorized so to do by statute; but many cases hold, where the statute gives the forfeiture, or a part of it, " to any person who shall prosecute therefor," that this, or equivalent language, confers express authority upon him to sue in his own name. *Nye v. Lamphere*, 2 Gray, 295; *Levy v. Gowdy*, 2 Allen, 320; *Thompson v. Howe*, 46 Barb. 287; *C. & A. R. R. Co. v. Howard*, 38 Ill. 414; and *Norman v. Dunbar*, 8 Jones Law R. (N. C.) 317. But if there were any doubt upon this point, it is removed by the language making the penalty a demand or lien against the boat, " *to be sued for and collected in the manner provided* " *for the collection of demands against boats and vessels.* This language, we think, shows that the statute contemplated that the complainant should be the plaintiff in the action, and that the proceeding should be analogous to an ordinary suit for the collection of a demand against a vessel. The complainant is liable for costs and disbursements if he fail to recover, as in ordinary actions. Sec. 31, chap. 184, Laws of 1869. He is therefore to be regarded as the real plaintiff, having made the action his own by commencing it, and no other party can interpose and control any disposition which the complainant may make of it.

It will be observed that the law provides that one-half of the penalty shall be for the use of the county within which the offense is committed. This provi-

sion of the law is undoubtedly invalid, for the reason that the constitution devotes the clear proceeds of all fines collected for a breach of any penal statute to the school fund.   Art. 10, sec. 2.   And the question therefore is, what effect the invalidity of this clause must have upon the other portions of the law.   Does it invalidate the entire statute?   Or is it only the unconstitutional clause which must fail?   It is a well settled principle, that the same act of the legislature may be unconstitutional in some of its provisions, and yet constitutional in others.   In *Slauson v. The City of Racine*, 13 Wis. 398, this principle is clearly recognized, and it is held that where parts of a statute are valid, capable of being executed independently of other parts which are invalid, then the valid parts may become operative, unless we can say that the legislature intended that they should all be carried into effect as a whole, and as conditions and compensations for each other.   This cannot be said here.   There is no ground for holding that the legislature would not have imposed this penalty to protect the public from loss or damage which might arise in consequence of running a steamboat in certain waters without being provided with sufficient spark-catchers, unless a part of the fine was to go to the use of the county.   The law is a police regulation, enacted wholly for the purpose of protecting the public from fires caused by boats.   This is the entire scope and object of the statute.   And to secure the enforcement of the law, one-half of the penalty is given to a party who will assume the responsibility of bringing an action in his own name for a violation of its provisions, while the other half, under the constitution, must go into the state treasury for the benefit of the school fund.   We therefore can perceive no inherent difficulty in maintaining the action for the whole penalty.   It is true, the plaintiff states in his complaint that the defendant is indebted to him for one-half of the penalty, while the other half is due the county of

Green Lake. It is the state and not the county which is entitled to the moiety, and the complaint properly should so allege. But still we do not think this allegation, that the plaintiff sues for the use of the county as well as for himself, renders the complaint bad. That part of the averment relating to the county may be treated as surplusage, the complaint otherwise stating a cause of action. In *Levy v. Gowdy, supra,* it was held to be unnecessary for the informer to allege that he sued as well for the public as himself. Such an allegation is usual in *qui tam* actions, but we do not consider it absolutely indispensable in a case like the one before us. For although the state has a right to a part of the penalty, yet the informer is made the real plaintiff in the action, and responsible for the entire management and control of the suit. He is the person who has the cause of action under the boat and vessel law, and the party in interest.

Our remarks on the second ground of demurrer virtually dispose of the other objections to the complaint.

*By the Court.*—The order of the circuit court, overruling the demurrer, is affirmed.