<table>
<tr><td>44</td><td>263</td></tr>
<tr><td>124</td><td>265</td></tr>
</table>

CHARLES E. RITTENHOUSE and others, Respondents, *v.* THE
INDEPENDENT LINE OF TELEGRAPH, Appellant.

The failure of a telegraph company to transmit a message in the form in which it is received, is, *prima facie*, negligence for which the company is liable, and the burden is upon it to show that the mistake occurred through no fault of its own.

The plaintiffs' message, instructing their brokers to "buy five Hudson," was transmitted and delivered by the defendant "buy five hundred." Learning of the error, the plaintiffs telegraphed again to their brokers;

but owing to the delay so occasioned, the plaintiffs lost, by the advance in the price of the stock so ordered, $1,375.—*Held*, that this sum was the measure of their damages, for which the defendant was liable; *semble*, that the action could have been maintained, if no purchase had been made, on proof of the rise in value of the stock.

(Submitted September 29th; decided December 29th, 1870.)

APPEAL from an order of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of the plaintiffs, rendered on a trial before Judge DALY without a jury.

The plaintiffs delivered to the defendant, for transmission to their brokers, the following message:

" If we have any Old Southern on hand sell same before board. Buy five Hudson at board. Quote price.

RITTENHOUSE, FANT & Co."

By an error in transmitting, the message, as received by the plaintiffs' agent, read "five hundred" instead of "five Hudson," and the brokers purchased as for the plaintiffs 500 shares of Michigan Southern railroad stock. As soon as the plaintiffs learned of the purchase they directed that the same be sold, which was done, at a loss of $475 to the plaintiffs. They also directed the purchase of 500 shares of Hudson river railroad stock, being what was intended and understood by the plaintiffs and their brokers by the words "buy five Hudson." This direction was received too late for purchase at the brokers' board, and it was necessary to pay $1,375 more to make the purchase than would have been required at the time the erroneous message was received.

The judge who tried the cause decided that the defendant was not liable for the loss of $475 on the purchase of Michigan Southern stock; but was liable for the $1,375 advance on Hudson river railroad stock, with interest thereon.

Both parties appealed to the General Term, where the judgment was affirmed. The defendant appealed to the Court of Appeals. The case below is reported 1 Daly, 474.

*Edward Fitch,* for the appellants, cited *Breese* v. *U. S. Tel. Co.* (45 Barb., 274); *Bryant* v. *Am. Tel. Co.* (1 Daly, 580); *Hodson* v. *Washington Tel. Co.* (15 Grattan, Va. R.); *Griffin* v. *Colver* (16 N. Y., 489); *U. S. Tel. Co.* v. *Gildersleeve* (29 Maryland); Shear & Redf. on Neg., 660.

*E. Sprout,* for the respondent, cited *Griffin* v. *Colver* (16 N. Y., 494); *U. S. Tel. Co.* v. *Wenger* (55 Penn., 262); *N. Y. & Washington Printing Tel. Co.* v. *Dryburgh* (35 Penn. St., 298); *Bryant* v. *Am. Tel. Co.* (1 Daly, 575); *De Rutte* v. *N. Y. Tel. Co.* (1 Daly, 547); *Western Union Tel. Co.* v. *Ward* (23 Ind., 377); *Bowen* v. *Lake Erie Tel. Co.* (1 Am. Law Reg., fol. 1, 685); Redfield on Carriers, etc., §§ 561, 564, 571, 550; *Leonard* v. *N. Y., Albany & Buffalo Elec. Mag. Tel. Co.* (2 Hand, 544).

EARL, C. This case is fairly controlled by the case of *Leonard* v. *The N. Y. A. & B. Elec. Magnetic Tel. Co.* (41 N. Y., 544.) Within the principles laid down in that case, the plaintiffs were clearly entitled to both items of damages claimed by them.

The defendant was liable on the ground of negligence in the transmission of the message; and the negligence is proved by showing that it did not transmit the message in the form in which it was delivered to it. The burden was upon it to show that the mistake happened without its fault. (Shearman & R. on Neg., 609, 610.)

If the defendant's agents did not understand the importance or import of the message, they could have inquired of the plaintiff, and hence for all the purposes of this action, it must be treated as fully understanding the message and the consequences which would result from its erroneous transmission.

If the message had been correctly transmitted, the plaintiffs through their agents could have purchased the 500 shares of Hudson River Railroad stock for $136.75 per share. As it was, using the utmost diligence, they were obliged to pay $139.50 per share, making a difference to them of $1,375,

and this is the measure of their damage. In order to hold the defendant liable for the damage, it was not incumbent on the plaintiffs to purchase the stock. This purchase, and the proof that they were obliged to pay $139.50 per share, was only important as showing the extent of the damage. The plaintiffs could have maintained their suit against the defendant without having purchased the stock, by showing that immediately, or soon after the delivery of the erroneous message, the stock rose in market so that their order could not have been filled for less than the $139.50 per share.

I know of no rule of law that required the plaintiffs to notify the defendant of the error. When the plaintiffs were notified of the error, the damage had already been done, and they had the right at once to sue the defendant, and the suit could not be defeated either by a tender of the stock or the damages.

The judgment should be affirmed with costs.

GRAY, C., not voting.

Judgment affirmed with costs.