IRA E. TABOR *v.* ALEXANDER HERRICK.

*Sale of Milk diluted with Water. Butter or Cheese Manufacturer. Pleading.*

1. An action given by the statute of 1870, No. 76 (R. L. s. 4166), passed to protect butter and cheese manufacturers, must be brought in the *name of the party injured and defrauded* by the sale of the milk diluted with water, and not in the name of the owner of the "cheese factory," unless he has been so defrauded.
2. The court approve the case of *Graves* v. *Goodell*, decided by the Supreme Court, Rutland County, January Term, 1880, in which it was held that an action under this statute in the name of all the "patrons" jointly was well brought, against the claim that the proprietor of the "factory" should have brought the suit.

ACTION upon the statute of 1870, No. 76, entitled "An Act to protect Butter and Cheese Manufacturers."

Heard on demurrer to the declaration, March Term, 1881, POWERS, J., presiding. Demurrer overruled.

### DECLARATION.

"In an action brought on a certain statute law of this State, approved October, 21, 1870, entitled, "An act to protect Butter and Cheese Manufacturers"; whereupon the plaintiff declares and says that heretofore, to wit, on the 15th day of May, A. D., 1878, at, to wit, Danby aforesaid, and a long time before and since said date, until the date of this writ, the plaintiff was the owner, proprietor and manager of a certain cheese factory situated in said town of Danby, and was engaged in the manufacture of cheese therein ; and the defendant with divers other persons, was furnishing to the plaintiff milk for use in such manufacture at such cheese-factory; and the plaintiff declares and says, that himself and said defend-

ant being so engaged as aforesaid, the defendant, to wit, at Danby aforesaid, to wit, on said 15th day of May, A. D., 1878, and on divers other days and times between that date and the date of this writ, knowingly suffered and brought to the plaintiff to be manufactured at said cheesefactory, certain milk diluted with water, which milk was delivered to the plaintiff to be used in the aforesaid cheese factory, contrary to the aforesaid statute in such case made and provided ; and thereby and by force of the said statute the defendant has forfeited and become liable to pay for such offence aforesaid a sum not less than twenty-five dollars, nor more than one hundred dollars with costs of suit; and by force of said statute an action hath accrued to the plaintiff to have and demand the same of the defendant.

And five other counts.

*W. C. Dunton* and *Edward Dana*, for the defendant.

A suit in the name of the plaintiff alone cannot be sustained. *Thompson* v. *Howe*, 46 Barb. 287. It is material, however, in all cases, that the offence or act charged to have been committed or omitted by the defendant, appear to have been within the provision of the statute, and all circumstances necessary to support the action must be alleged, and the conclusion *contra formam statuti* will not aid the omission.

But here there is no averment that anybody was injured, or that any fraud was committed on the plaintiff, or that any of the milk was used. 1 Chitty Pl. 372 ; *Ellis* v. *Hull*, 2 Aik. 41 ; *Soper* v. *Harvard College*, 1 Pick. 177 ; *Drowne* v. *Stimson*, 2 Mass. 441–444 ; *Williams* v. *Hingham Turnpike*, 4 Pick. 341 ; *Bath* v. *Freeport*, 5 Mass. 325.

All who were injured should join. Hammond Parties & Act. s. 2, 42 ; 42 Vt. 459 ; 17 Mass. 184 ; Gould Pl. p. 185. The right of action in this suit is under the statute, and the declaration must show that the party suing is competent to maintain the suit ; viz., that he was the party upon whom the alleged fraud had been committed. *Ferrett* v. *Atwell*, 1 Blatch. 151 ; *U. S.* v. *Shelden*, 2 Wheat. 119 ; *Graves & Others* v. *Goodell*. Rutland Co. Sup. Ct., January Term, 1880, unreported.

*Prout & Walker*, for the plaintiff.

The obvious reading of the statute gives the right of action to the person in charge of the manufactory. In fact the only re-

striction about the suit or its avails is that it shall be "*for the benefit* of the *person* or persons, firm or association, or corporation, or their assigns upon whom such fraud shall be committed."

But the avails are not to be distributed in the present suit. The action is founded on the statute, and who is to have the proceeds is for future determination. It makes little difference to the defendant in whose name the suit is brought. The person who would naturally be expected to protect the milk by suit is the manufacturer. He certainly is not excluded from suing; and is the party to whom, on the face of the statute, the right appears to be given.

This is demonstrated by No. 59 of 1874, which extends the act in question to all purchasers or consumers of milk, giving them a right to recover " the same sum that is forfeited to the *manufacturer*, as provided in the act to which this is an addition, and to be collected by him in the same manner." Potter's Dwarris, 191; *Alexander* v. *Mayor*, 5 Cranch, 1.

It does not appear from the declaration that any other person than Tabor is interested in the results of his manufactures. To hold that the action under this statute was only maintainable in the name of the " patrons " at large, is practically to nullify the right and abolish the remedy. It requires the joinder of a multitude of plaintiffs, some perhaps under personal disabilities, of various relations to the product of the factory, shifting from day to day, and opening the door to all manner of questions of a dilatory nature.

This statute is remedial, and to be construed liberally so as to meet most effectually the beneficial end in view, and to prevent a failure of the remedy. To suppress the mischief and advance the remedy is the duty of the court. *Burnett* v. *Ward*, 42 Vt. 80; *Reed* v. *Northfield*, 13 Pick. 94; *Hart* v. *Cleis*, 8 Johns. 41; *Lewis* v. *Brainerd*, 53 Vt. 510; Potter's Dwarris, 73, 231.

· The opinion of the court was delivered by

REDFIELD, J. The declaration counts upon the statute No. 76 of the acts of 1870 for a forfeiture. The statute declares that :

" Whoever shall knowingly sell, supply or bring to be manufactured, to any butter or cheese manufactory in this State, any

milk diluted with water," etc., . . or any butter or cheese manufacturer who shall knowingly use, or direct any of his employees to use, for his, or their individual benefit, any cream from the milk brought to said butter or cheese manufacturer, without the consent of *all the owners* thereof, shall for each and every offence forfeit and pay a sum not less than $25.00, nor more than $100.00, with costs of suit to be sued for in any court of competent jurisdiction, for the benefit of the person or persons, firm or association, or corporation, or their assigns upon whom such fraud shall be committed."

The plaintiff avers that he is the owner of the " factory" ; that he was manufacturing butter and cheese ; that " the defendant with divers other persons furnished the plaintiff milk for use in such manufacture or such cheese factory " ; but there is no averment that the plaintiff, at other persons were defrauded. To this declaration there is a general demurrer.

It was decided by this court, in this county Jan. T., 1880, *Graves* v. *Goodell*, that an action under this statute in the name of all the " patrons " jointly was well brought, against the claim made by defendant, that the manufacturer, or proprietor of the " factory," should have brought the suit.

It is now claimed that either may properly sue under this statute. In the case of *Thompson et al.* v. *Howe*, 46 Barb. 287, which was brought on a statute of which this is a copy, and in the name of all the patrons who furnished milk to the " factory," the court held that the suit was properly brought, and say : " Now it is true the act does not in terms specify by whom the action is to be brought ; but in the absence of any such specification it must be held, that it *must be in the names* of the persons for *whose benefit* the suit is brought."

The *fraud* was upon the persons who had the beneficial interest in the manufactured product of the milk ; and upon them only. The owner of the factory may be interested solely in the building and its rents ; and not in the products of the manufacturer. And the manufacturer of butter and cheese, if paid for his time in a stated salary, would not be defrauded by the furnishing of impure or diluted milk, and would not be the person " for whose benefit " the forfeiture is declared.

The same statute declares that the manufacturer shall be subject to the same penalty if he shall take any cream for his own use from the milk thus furnished. As he could not sue *himself*, such suit *must* be brought in the name of the *patrons*, who are the " persons defrauded," and for whose " benefit " the suit is brought. " When two or more suffer by an injurious act, and the damage to one is the same as to the other, they are jointly entitled to repair it. One loss only has been sustained, and therefore only one satisfaction is due ; of necessity these both are jointly concerned in demanding it." Hammond's Parties to Action, s. 2, 42. " *Joint creditors, joint tenants* and *co-parceners* must, respectively, join in actions to recover the estate which they respectively hold together ; and in all actions for injuries to their joint property." Gould Pl. s. 56, 189.

All the analogies of the law concur in holding that the persons defrauded or injured in their property should be the *parties* to the action in case redress for such injuries is sought. And we think the manufacturer, and owner of the " factory," without averment, that he is interested in the manufactured products of the milk, or in some way injured or " *defrauded*," cannot recover the forfeiture under this statute.

The judgment of the County Court is reversed, and judgment for defendant to recover his costs.