Julian *et al.* *v.* Western Union Telegraph Company.

No. 11,692.

JULIAN ET AL. *v.* WESTERN UNION TELEGRAPH COMPANY.

TELEGRAPH.—*Liability for Delay in Delivering Telegram.*—Where a dispatch is delivered with reasonable promptness, in good faith, and without partiality, in the order of its reception, there is no liability for the penalty given by statute, R. S. 1881, section 4176.

From the Superior Court of Marion County.

*J. B. Julian* and *J. F. Julian,* for appellants.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellee.

ELLIOTT, C. J.—The evidence upon which the trial court acted in giving judgment for the appellee establishes these facts: On the morning of June 12th, 1883, the appellants gave the appellee's agents, at Indianapolis, a message to be transmitted to Danville; the time of the delivery of the message was eight o'clock, and at twelve minutes after eight, Indianapolis time, the message was received by the operator at Danville. There was a difference of about fifteen minutes in time between the two places, that of Danville being faster, so that by Danville time the message reached there about half past eight o'clock. At the time the message reached the Danville office the operator was very busy in the discharge of his duties, and he wrote out the message in the order of time in which it was received as soon as he could do so, and handed it to the messenger boy for delivery to the persons to whom it was addressed. The messenger boy took the telegram to the office of the persons to whom it was addressed, and not finding any one there went with it to the court-house, and there delivered it to the attorneys to whom it was directed. The distance from the appellee's office at Danville to the court-house is something more than half a mile, and about twenty-five minutes elapsed between the time the boy received the message and its delivery. The whole time occupied in receiving and transmitting the message was not more than one

hour and fifteen minutes; this, we say, was the time that elapsed from the receipt by the agent at Indianapolis until the delivery by the messenger boy at Danville.

This evidence justified the trial court in finding that there was no negligence on the part of the appellee. The general rule is that where the evidence shows that there was a failure to transmit, or a failure to transmit the message accurately, the burden of explaining or excusing the failure is cast upon the telegraph company. *Telegraph Co.* v. *Griswold*, 37 Ohio St. 301 ; *Bartlett* v. *Western Union Tel. Co.*, 62 Maine, 209 ; S. C., 16 Am. R. 437 ; *Rittenhouse* v. *Independent Line*, 44 N. Y. 263 ; S. C., 4 Am. R. 673 ; *Baldwin* v. *United States Tel. Co.*, 45 N. Y. 744 ; S. C., 6 Am. R. 165 ; *Turner* v. *Hawkeye Tel. Co.*, 41 Iowa, 458 ; S. C., 20 Am. R. 605 ; *Western Union Tel. Co.* v. *Meek*, 49 Ind. 53. It is obvious that this general rule can not apply to a case where the message was accurately transmitted and was delivered within a time not in itself indicative of negligence. If there was an unreasonable delay in the transmission of the message, then the company would clearly be liable unless there were facts affirmatively proved exonerating it from negligence. We do not find it necessary to make our decision turn on whether the time elapsing from the receipt of the message until its delivery was or was not, *prima facie*, an unreasonable one, for, conceding that it was *prima facie* an unreasonable delay, still it was fully and satisfactorily explained. Reasonable time must be allowed for sending, receiving and delivering messages, and in this case the message was sent over the wires with reasonable promptness, was written out by the operator who received it with fair diligence, and was delivered without unnecessary delay. While it is true that the business of telegraphy is one requiring a high degree of promptness, diligence and care, still it does not require the exercise of an extraordinary diligence or promptness, and as there was in the present instance a fair and reasonable exercise of care and diligence, we think there was no right of action.

We agree with the appellants' counsel in asserting that the

failure to deliver is a failure to transmit. A message not delivered in good faith and without partiality is not transmitted, and one whose message is not delivered is entitled to recover the penalty in the cases provided for by statute. *Western Union Tel. Co.* v. *Gougar,* 84 Ind. 176. The undertaking to transmit is a continuous one, and is violated if there is a failure to use diligence, good faith, and care to make a reasonably prompt delivery. *Western Union Tel. Co.* v. *Pendleton,* 95 Ind. 12 (48 Am. R. 692); *Western Union Tel. Co.* v. *Meredith,* 95 Ind. 93. But we are unable to perceive what benefit the appellants can secure from this principle, for here the message was transmitted, and fully transmitted, because there was a delivery. The only ground upon which a recovery can possibly be placed in cases where there is a delivery, is that the message was postponed through partiality, or in bad faith, or else through negligence. The statute does not make mere delay a ground for recovery, but the despatch must be wrongfully postponed, or, in the language of the statute, " neglected," or postponed in bad faith, or through partiality. Here, as we have seen, there was no bad faith, no partiality, no negligence, and, therefore, there was a transmission of the message within the meaning of the law.

There was in reality no material conflict in the evidence upon the facts tending to establish the exercise of care and diligence by the appellee, and, on the facts thus proved, the law is with the appellee.

Where there is conflict in the evidence, this court will take as true that which the trial court declares to be true. *Cain* v. *Goda,* 94 Ind. 555; *Arnold* v. *Wilt,* 86 Ind. 367. Even if there were conflict in the evidence, we should be bound to act upon that which influenced the decision of the trial court, for a long settled rule forbids us from undertaking to weigh the evidence.

Judgment affirmed.

Filed Nov. 21, 1884.