No. 12,150.

THE WESTERN UNION TELEGRAPH COMPANY v. WALKER.

TELEGRAPH COMPANY.—*Failure to Transmit Message.— Penalty. — Statute Must be Strictly Construed.*—In an action against a telegraph company to recover the penalty for failing to diligently transmit a message, the statute is to be-strictly construed, and the case must be brought fully within its provisions.

SAME.—*Complaint.*—It is not necessary that the exact words of the statute should be used in the complaint; it is sufficient, if words of equivalent meaning are employed.

From the Benton Circuit Court.

*J. R. Coffroth, T. A. Stuart* and *D. Fraser,* for appellant.
*M. H. Walker* and *I. H. Phares,* for appellee.

ELLIOTT, J.—The only-question argued by the appellant's counsel is that arising on the demurrer to the complaint, and, under the well settled practice, all other questions are deemed waived.

Since the preparation of counsel's brief, a correct copy of appellee's complaint has been.sent up by a return to a *certiorari,* and from this it appears that the objection urged to the complaint is not well.founded. The complaint is based on the statute imposing a penalty on telegraph companies for a failure to diligently and impartially transmit messages, and the objection urged is that it does not aver that the appellant is an "electric telegraph company with a line of wires extending wholly or partly through this State and engaged in telegraphing for the public." The complaint. contains these averments: The defendant "is an electric telegraph company duly organized as·a corporation, and was, on the 8th day of August, 1884, and ever since that time, engaged in the business of transmitting telegraph messages for the public; that it was, on said 8th day of August, 1884, oper-

ating a telegraph office in the town of Fowler, Benton county, Indiana, and another in the town of Remington, Jasper county, Indiana; that said defendant was the owner and op- erator of a line of wires on the said 8th day of August, 1884, extending to and through each of said points, to wit, the town of Fowler, Benton county, Indiana, and the town of Remington, Jasper county, Indiana."

We agree with counsel that the action is one to recover a penalty, that the statute is to be strictly construed, and that a party suing for a penalty must bring his case fully within the provisions of the statute. *Western Union Tel. Co.* v. *Mossler*, 95 Ind. 29; *Rogers* v. *Western Union Tel. Co.*, 78 Ind. 169; S. C., 41 Am. R. 558; *Western Union Tel. Co.* v. *Axtell*, 69 Ind. 199, and authorities cited. We are, however, of the opinion that the appellee's complaint does bring his case within the words of the statute.

It is true that the exact words of the law are not used, but words of equivalent meaning are employed, and this is suffi- cient. *State* v. *Miller*, 98 Ind. 70; 1 Bishop Cr. Proc., sec- tion 612.

Judgment affirmed.

Filed Sept. 16, 1885.