The Western Union Telegraph Company v. Scircle.

Filed Oct. 10, 1885.

---

No. 11,924.

THE WESTERN UNION TELEGRAPH COMPANY v. SCIRCLE.

103 227
148 272
103 227
158 415
103 227
161 147

TELEGRAPH COMPANY.—Action for Penalty Survives.—A cause of action against a telegraph company to recover the statutory penalty for a breach of duty does not die with the original party in interest, but survives to his representatives.

SAME.—Statutory Action.—Pleading and Proof.—Where an action is founded on a statute, the plaintiff need only allege and prove such facts as bring the case within the statute.

SAME.—Complaint.—Telegraphing for Hire.—Where the complaint alleges that the defendant was engaged in telegraphing for the public, it is sufficient under the statute without alleging that it was for hire.

SAME.—Rule Limiting Time for Filing Claims is an Affirmative Defence.—A

defence, founded upon a rule of the corporation limiting the time within which claims shall be presented, is an affirmative one and not available under the general denial.

SAME.—*Delay in Transmitting Message.—Burden of Proof.*—Where the sender of the message proves that there was an unreasonable delay, the burden of explaining the delay is upon the company.

SAME.—*Diligence.*—A delay of several hours in transmitting a message that only requires from five to fifteen minutes for its transmission, shows a want of diligence.

SAME.—*Duty of Company to Provide Proper Assistance.*—Where the business of an office is such that one operator can not receive messages with reasonable promptness, it is the duty of the company to supply the required assistance.

From the Clinton Circuit Court.

*J. R. Coffroth, T. A. Stuart, J. A. Stein, B. K. Higginbotham* and *M. Bristow*, for appellant.

*A. E. Paige* and *S. O. Bayless*, for appellee.

ELLIOTT, J.—George A. Scircle commenced two actions against the appellant to recover the statutory penalty affixed to a breach of duty.

On appellant's motion the actions were consolidated, and in the consolidated action issue was joined. After the issue was joined the plaintiff died, and his widow, Martha J. Scircle, was substituted as plaintiff, and she recovered judgment for the statutory penalty.

One of the contested questions is the right of the appellee to maintain this action. The appellant insists that the cause of action died with the original plaintiff. We can not assent to this doctrine, for, in our judgment, the statute prevents the abatement of the action. It is provided that "A cause of action arising out of an injury to the person," except in the cases designated, "dies with the person of either party," but it is also provided that "All other causes of action survive, and may be brought by or against the representatives of the deceased party, except actions for promises to marry." If the cause of action in this case is not for an injury to the person, it must survive, for the statute, in broad and explicit

terms, declares that all causes of action other than those arising out of an injury to the person shall survive. The cause of action here declared on is founded on a statute, and is not for an injury to the person. It is an action to enforce a right created by statute, and does not belong to the class of actions where redress is sought for a personal injury. Under the common law practice, the remedy in such a case as this would be an action of debt. Bacon, Abridg., title Debt; 1 Chitty Plead. 125; *Corporation, etc.,* v. *Eaton,* 4 Cranch C. C. 352; *United States* v. *Colt,* Peters C. C. 145; *Bogart* v. *City of New Albany,* 1 Ind. 38. It is perfectly clear, therefore, that the common law did not regard an action for the recovery of a penalty as an action to recover for an injury to the person, and there is certainly nothing in our statute changing the rule of the common law. Where the statute employs common law terms having a known meaning, it is presumed, unless the contrary affirmatively appears, that the terms were used in their common law meaning. *State* v. *Berdetta,* 73 Ind. 185; S. C., 38 Am. R. 117; *Bloom* v. *Franklin Life Ins. Co.,* 97 Ind. 478, see p. 481 (49 Am. R. 469). This rule applies here, and we must presume that the words "A cause of action arising out of an injury to the person" are used to convey the same meaning as at common law. It is, indeed, impossible to conceive that any other meaning than that ascribed to them by the common law could be assigned to them. When it is granted, as it must be, that there is a cause of action, and that it is not for an injury to the person, it follows with absolute logical certainty that the cause of action survives by force of the statute.

We agree with counsel, that a statute creating a penalty, and conferring upon an individual a right to sue for it, may be repealed at any time before final judgment. *Norris* v. *Crocker,* 13 How. 429. This argument, however, is not relevant to the point in dispute, for the question is not whether the Legislature may sweep away the penalty, but the question is whether the representative of the person entitled to

it may after his death continue an action brought by him during his lifetime.

We do not doubt the soundness of the general rule that a statute giving a penalty does not execute itself, and can not summarily transfer a penalty to the person for whose benefit it is created, without a judicial investigation. But that rule does not govern here. The question is, not whether the statute may summarily put the penalty directly into the hands of the person for whose benefit it was created, but the question is, does the statute create a cause of action which may be enforced by due process of law? It is evident from what we have said that *Willis* v. *Legris*, 45 Ill. 289, has no application here.

It is the law, as we have often held, that the sender of the message is the party who must sue. *Western Union Tel. Co.* v. *Pendleton*, 95 Ind. 12 (48 Am. R. 692); *Western Union Tel. Co.* v. *Reed*, 96 Ind. 195; *Seward* v. *Beach*, 29 Barb. 239; *Thompson* v. *Howe*, 46 Barb. 287. But he is the party who must sue because the cause of action is in him, and if there is a cause of action it is one that survives, for the reason that it is on a statute, and is not for an injury to the person. If the sender had a right of action, his death did not destroy it, although he was the proper party plaintiff while living, as the right of action is one that survives. Once it is conceded that he did have a cause of action, and that it was not for an injury to the person, there is no escape from the conclusion that it did survive. The argument of the appellant's counsel, that the cause of action was in the sender, proves too much for their purpose, for it proves that there was a cause of action on a statute, and consequently that it survives to the representatives of the person to whom the statute gave the right of action.

The complaint is assailed upon the ground that it does not state facts sufficient to constitute a cause of action. One of the reasons assigned in support of this general assault is, that the complaint does not allege that the appellant has a line of

wires wholly or partly within this State. The complaint alleges that "the defendant is the owner and operator of an electric telegraph, with a line of wires running through Clinton county, Indiana, including the stations of Scircleville and Frankfort, in said county." This we deem sufficient. *Western Union Tel. Co.* v. *Walker,* 102 Ind. 599.

The second reason assigned is that the complaint does not aver that the appellant was engaged in telegraphing for the public for hire. The complaint does aver that the appellant was engaged in telegraphing for the public, and this is the averment which the statute requires. The statute does not require that it shall be averred that the company was telegraphing for the public for hire. *Western Union Tel. Co.* v. *Walker, supra.*

The remaining questions arise on the ruling denying a new trial, and we will dispose of them in the order in which they are presented in the argument of counsel.

It is contended that the finding of the trial court is wrong upon the evidence, for the reason that it appears that the claim was not presented within the time limited by the contract, and we are referred to the cases of *Western Union Tel. Co.* v. *Jones,* 95 Ind. 228 (48 Am. R. 713), *Western Union Tel. Co.* v. *Pendleton, supra, Western Union Tel. Co.* v. *McKinney,* 5 Texas L. Review, 173, *Western Union Tel. Co.* v. *Pells,* 2 Texas L. Review, 276, *Young* v. *Western U. Tel. Co.,* 65 N. Y. 163, and *Heimann* v. *Western U. Tel. Co.,* 57 Wis. 562.

We do not question the soundness of the general doctrine that a rule of a telegraph corporation making a reasonable regulation as to the time within which claims shall be presented is valid, but we do not believe that the rule can avail in an action to recover a statutory penalty, unless the defence is specially pleaded. A defence founded upon a corporate rule limiting the time within which claims shall be presented is an affirmative defence, and not available under the general denial. Where an action is founded on a statute, all the facts

that a plaintiff need allege or prove are such as bring the case within the statute, and where a defendant relies upon a defence which confesses and avoids the case made by the complaint, he must plead it specially. It would be a plain violation of the letter and spirit of our code to permit such a defence as that now urged to be made available under the general denial, and it would also be in open hostility to a long line of decisions. As there was no affirmative answer in this case, the defence that the appellant here urges is unavailing.

It is insisted that the evidence "shows that the company was not negligent." The law of this branch of the case is this: Where the sender of the message proves that there was an unreasonable delay, the burden of explaining the delay devolves upon the telegraph company. *Julian* v. *Western Union Tel. Co.*, 98 Ind. 327; *Telegraph Co.* v. *Griswold*, 37 Ohio St. 301 (41 Am. R. 500); *Bartlett* v. *Western Union Tel. Co.*, 62 Maine, 209 (16 Am. R. 437); *Rittenhouse* v. *Independent Line*, 44 N. Y. 263; S. C., 4 Am. R. 673; *Baldwin* v. *U. S. Tel. Co.*, 45 N. Y. 744; S. C., 6 Am. R. 165; *Turner* v. *Hawkeye Tel. Co.*, 41 Iowa, 458; S. C., 20 Am. R. 605; *So Relle* v. *Western Union Tel. Co.*, 55 Texas, 308 (40 Am. R. 805). This rule is in harmony with that which requires a common carrier of passengers to show that an injury to a passenger was not caused by its negligence. *Terre Haute, etc., R. R. Co.* v. *Buck*, 96 Ind. 346, authorities cited, p. 358 (48 Am. R. 168); *Bedford, etc., R. R. Co.* v. *Rainbolt*, 99 Ind. 551. The rule is, in itself, a reasonable one.

The sender of a message has no means of knowing the cause of the delay, for he is not acquainted with the business and operations of the telegraph company, and he can not give any explanation; on the other hand, the company has full means of knowledge and ample opportunity for making an explanation where any exists. To require the sender of the message to explain the delay, or the failure to transmit, would put him at the mercy of the telegraph company with-

out means or opportunity of establishing the breach of duty upon which his action is founded.

The message described in the first paragraph of the complaint was delivered to the operator at Scircleville to be transmitted to Frankfort, and was delivered to the operator at the former place at forty minutes after eight o'clock on the morning of November 10th, 1883, but was not received by the person to whom it was addressed until forty-five minutes after eleven o'clock in the forenoon. The message described in the second paragraph of the complaint was delivered to the operator at Scircleville at fifty minutes after six o'clock on the morning of the twelfth of November, but was not received by the person to whom it was addressed until about fifteen minutes before one o'clock of that day. Frankfort is not far from Scircleville, and the agent of the appellant at the former place testified that "It takes from five to fifteen minutes continuously to get a message from Scircleville to Frankfort." Dr. Canfield, the person to whom the message was addressed, lived directly across the street from the appellant's office at Frankfort. This evidence shows a delay that requires explanation. It is not such diligence as the statute requires, to consume several hours in transmitting messages that only required from five to fifteen minutes for their transmission.

The testimony of the appellant's agent at Frankfort is relied upon as explaining the delay in transmitting the messages. That testimony is as follows: "I was manager and operator of the telegraph company at Frankfort when these two messages were sent, November 10th and 12th. I took the dispatches from the wires as soon as I could. I was prevented from taking them sooner by a press of business at the time. I was working for three hours, and would be busy at a certain time. There were eight or nine wires in the office at the time. I was busy on this wire at the time the dispatches were sent. Just as soon as I finished the work I was at when Scircleville called I took the dispatches, and they were

delivered promptly, within a few minutes after. I might have received ten, I might have received thirty dispatches the mornings these dispatches were received." We do not think this testimony will justify us in disregarding the finding of the trial court. It does not show that the agent did not take messages from the wire that had of right no precedence of the message addressed to Dr. Canfield. For anything that appears, the messages received by the operator at Frankfort were not delivered for transmission until long after those addressed to Dr. Canfield were delivered to the operator at Scircleville. Nor is there anything to show that these messages were not entitled to be received and delivered before receiving and delivering all of the ten or the thirty messages mentioned in the testimony. The operator says he " was working for three hours," and, granting this, still there was ample time to have received and delivered one, at least, of the messages sent from Scircleville, for the time elapsing from its delivery to the operator at that point until its delivery to the person to whom it was addressed was five hours and fifty-five minutes. But there is a broader ground upon which the findings of the trial court may be sustained, and that is this: If the business of the Frankfort office was such that one operator could not receive messages with reasonable diligence and promptness, it was the duty of the company to supply the requisite assistance. A telegraph company can not escape liability for a breach of duty by asserting its own failure to provide adequate means for transacting the business which it invites from, and undertakes for, the public. It has no right to accept business which it has not made reasonable provision for transacting as the law requires. In view of the evidence before us, we can not declare that the Frankfort office was an unimportant station, requiring only one operator to conduct its business. It is a well established rule that this court will respect the finding of a trial court upon the evidence unless it is clearly erroneous, and we can not say that the trial court erred in inferring that Frankfort, the city in which that court

was sitting, was an important telegraph station, requiring the services of more than one operator to ensure the diligent and prompt delivery of messages.

