9]     JANUARY TERM, 1915.     653

State ex rel. Johnson v. Maurer, 159 Wis. 653.

STATE EX REL. JOHNSON, State Treasurer, vs. MAURER, County Treasurer.

*January 15—February 9, 1915.*

*Constitutional law: School fund: Proceeds of fines: Fish and game laws.*

That part of ch. 525, Laws of 1909 (sec. 4567*m*, Stats.), which provides that one third of the fines collected for violations of the fish and game laws shall be paid to the county treasurer and set apart as a fund for the protection of fish and game, is void because in conflict with sec. 2, art. X, Const., which provides that "the clear proceeds of all fines collected in the several counties for any breach of the penal laws" shall go to the school fund.

THIS is a proceeding brought in this court by the allowance of an alternative writ of *mandamus* directed to the defendant as county treasurer of Taylor county, commanding him to pay over to the state treasurer the sum of $290.03, being part of the fines and penalties collected in criminal prosecutions in. Taylor county, or show cause why he should not do so. The petition showed that certain fines were collected in said county in prosecutions for violations of the fish and game laws, and the defendant justified his retention of one third of the fines so collected under ch. 525, Laws of 1909, being sec. 4567*m,* Stats. This law reads as follows:

"One third of the fines imposed and collected under the laws regulating the taking, killing, having in possession, or

transportation of fish and game, including the violations of the acts relative to the granting and holding of licenses to hunt certain game, shall be paid by the magistrate to the person informing of the offense and prosecuting the offender to conviction, one third shall be paid by the magistrate before whom the matter shall have been tried and the fines imposed to the county treasurer, and shall be by him designated and set apart as a fund for the protection of fish and game to reimburse the county for the moneys which it shall expend for the enforcement of the fish and game laws, and the remainder shall go to the school fund as provided by law."

Sub. (5) of sec. 715 of the Statutes provides that it shall be the duty of the county treasurer

"To transmit to the state treasurer at the time he is required by law to pay the state taxes a particular statement, verified by his affidavit indorsed upon or attached thereto, of all moneys received by him during the preceding year and which are payable to the state treasurer for licenses, fines, penalties, or on any other account, and at the same time pay to the state treasurer the amount thereof after deducting the legal fees."

Sec. 2 of art. X of the state constitution, among other things, provides as follows:

"The clear proceeds of all fines collected in the several counties for any breach of the penal laws . . . shall be exclusively applied to the following objects, to wit:
"1. To the support and maintenance of common schools in each school district, and the purchase of suitable libraries and apparatus therefor.
"2. The residue shall be appropriated to the support and maintenance of academies and normal schools, and suitable libraries and apparatus therefor."

It is the contention of the state that so much of ch. 525, Laws of 1909, above quoted, as permits counties to retain one third of the fines collected is void because in conflict with the provisions of sec. 2, art. X, of the constitution, and that the moneys retained under the provisions of the 1909 law

should be paid into the state treasury for the purposes designated in the constitution. This contention presents the sole question involved in the case.

For the plaintiff there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

For the defendant the cause was submitted on the brief of *John B. Hagarty.*

BARNES, J. It seems clear that the sum retained by the county treasurer of Taylor county is a part of the "clear proceeds" received from fines imposed in prosecutions for violations of our fish and game laws, and that so much of ch. 525, Laws of 1909 (sec. 4567*m,* Stats.), as permitted the county treasurer to retain this money for the purposes specified in the statute is unconstitutional and void because it conflicts with sec. 2 of art. X of our constitution. *Lynch v. Steamer Economy,* 27 Wis. 69.

*By the Court.*—Ordered that the peremptory writ prayed for issue.