Filed Oct. 29, 1886.

No. 13,314.

## BURGH v. THE STATE, EX REL. McCORMICK, PROSECUTING ATTORNEY.

TAXES.—*False List.*—*Complaint to Recover Penalty.*—*Residence of Taxpayer.*— *Construction of Statute.*—A complaint to recover the penalty prescribed by section 6339, R. S. 1881, for making a false tax list, to be sufficient must aver that the defendant was a resident of the township, to the assessor of which it is alleged he gave the false list.

SAME.—*Constitutional Law.*—*The Penalty not a Fine.*—*Payment into Treasury for Use of County.*—*Common School Fund.*—The fact that the penalty, when recovered, is to be paid into the county treasury for the use of the county, does not bring the statute into conflict with section 2, of article 8, of the Constitution, which provides that fines shall go into the common school fund, as such penalty is not a fine in the sense of the word as there used.

SAME.—*Excessive Fines and Penalties.*—*Discretion of Court.*—As the penalty (not less than fifty dollars nor more than five thousand dollars) must be imposed in the sound discretion of the court and in proportion to the gravity of the offence, the statute is not in conflict with section 16 of the Bill of Rights.

SAME.—*Double Punishment.*—As the wrong for which a penalty is recoverable under such statute is different from the wrong for which a punishment may be inflicted under section 2150, it is not in conflict with the provision of the Bill of Rights forbidding double punishment for the same offence.

From the Martin Circuit Court.

*T. M. Clarke* and *J. T. Rogers*, for appellant.

*H. McCormick*, Prosecuting Attorney, for appellee.

ZOLLARS, J.—This is an action in the name of the State, on the relation of the prosecuting attorney, to recover from appellant the statutory penalty for having made a false tax list. The action is based upon section 6339, R. S. 1881. So much of that section as is material here is as follows:

"If any person * * shall give a false or fraudulent list, schedule, or statement required by this act; he * * shall be liable to a penalty of not less than fifty dollars nor more than five thousand dollars, to be recovered in any proper form of action, in the name of the State of Indiana, on the relation of the prosecuting attorney. The assessor shall forthwith notify the prosecuting attorney of such delinquency or offence, and he shall prosecute such offender to final judgment and execution; and such fine, when collected, shall be paid into the county treasury, for the use of the county, and the prosecuting attorney shall receive ten per centum commission on all moneys so collected and paid in, and a docket fee of ten dollars, to be taxed and collected with costs in such action," etc.

The following is a fair epitome of the complaint. In May, 1885, the assessor of Rutherford township, in Martin county, called on appellant for a list of all his personal property, money, rights, credits, and choses in action, and received from him a list, which was not a true and correct list of his rights, credits, and choses in action, but was false and fraudulent, in that it did not contain certain described notes and mortgages, which appellant held and owned on the 1st day of the preceding April.

Although requested by the assessor so to do, appellant failed and refused to report the several described notes and mortgages, but falsely and fraudulently reported that he had nothing due him, and gave a false and fraudulent list of his

taxable personal property, etc.   The wrong attempted to be charged is the giving of a false and fraudulent tax list.

Appellant seeks a reversal of the judgment against him, upon the action of the court below in overruling his demurrer to the complaint.   One objection urged to the complaint is, that it contains no averment that appellant was a resident of Rutherford township, in Martin county.   This objection, we think, is well taken.

The tax law, with an exception not material here, requires that the owner shall list, in the township where he resides, his money, etc., and credits due from or owing by any person or persons, body corporate or politic, to him, without regard to the place where the said taxables may exist or be situated. R. S. 1881, sections 6286, 6290.

The above section 6339, upon which this action is predicated, inflicts a penalty in case the list required by the act, the tax law, is false or fraudulent.   The act, as we have seen, requires the owner to list his credits, etc., in the township where he resides.   He is not required to list them in any other township.   Hence, the furnishing of a false list of such property to the assessor of a township, other than that in which the owner may reside, will not subject him to the penalty provided by the above section 6339.

That section is penal in character, and to make a case against a person for the penalty therein provided, enough must be averred to show that he is within its terms.   As said in the case of *Western Union Tel. Co.* v. *Axtell,* 69 Ind. 199, "A court can not create a penalty by construction, but must avoid it by construction, unless it is brought within the letter and the necessary meaning of the act creating it." See *Western Union Tel. Co.* v. *Ferguson,* 57 Ind. 495 ; *Western Union Tel. Co.* v. *Harding,* 103 Ind. 505 (508).   See, also, as somewhat analogous, *Lose* v. *State,* 72 Ind. 285 ; *Stribbling* v. *State,* 56 Ind. 79.

The complaint being fatally defective for the reason above

stated, the judgment must be reversed for the error of the court below in overruling the demurrer thereto.

Here this opinion might be closed but for the fact that other questions are discussed, that will not cease to be material with the reversal of the judgment.

Section 2, of article 8 (R. S. 1881, section 183), of the Constitution, provides, that fines assessed for breaches of the penal laws of the State, shall go into, and be a part of the common school fund. It is contended, that as the above section 6339 requires the penalty therein provided to be paid into the county treasury for the use of the county, it is in contravention of the above constitutional provision. The answer is, that the constitutional provision has reference to fines assessed in criminal prosecutions, and that the penalty provided in section 6339, *supra,* is not a fine in that sense. It is not to be recovered by a criminal prosecution, but by a civil action. At one place in the section, the penalty is spoken of as a fine, but the whole section shows that it is not a fine, in the sense in which that word is used in the above section of the Constitution.

It is further contended that the section of the statute under consideration is in contravention of section 16 of the Bill of Rights. R. S. 1881, section 61.

That section provides that excessive fines shall not be imposed; that cruel punishment shall not be inflicted; and that all penalties shall be proportioned to the nature of the offence.

Conceding for the present, without in any way deciding, that the penalties spoken of in that section may include such penalties as are provided in section 6339, *supra,* yet we can not hold that that section is in conflict with the Bill of Rights. The inhibition is against the passage of laws imposing fines and penalties that may be unreasonable and oppressive. Whether fines and penalties are so unreasonable and oppressive must rest largely with the Legislature.

Section 6339 provides that a person making a false and

fraudulent tax list shall be liable to a penalty of not less than fifty dollars and not more than five thousand dollars.

Under that section, a court might impose the penalty of five thousand dollars upon a person who has fraudulently omitted from his tax list but a small portion or amount of his taxable property. But the fact that the penalty is fixed at amounts between fifty dollars and five thousand dollars, shows that the Legislature understood and intended that the penalty imposed in any particular case should be in proportion to the gravity of the wrong, and that the amount to be imposed in any particular case should be left to the sound discretion of the court.

If a taxpayer should fraudulently omit from his tax list a sufficient amount of property to yield twenty thousand, or even ten thousand dollars of taxes, it could not be declared by the courts that the imposition of a penalty of five thousand dollars would be so unreasonable or oppressive as to overthrow the statute.

The courts having discretion, it must be presumed, in favor of the constitutionality of the act, that that discretion will be wisely and justly exercised. The section gives latitude for the imposition of a heavy penalty, but it must be remembered that the wrong for which it may be imposed, is a grave wrong, both as against the public and the honest tax lister.

The most serious question in the case is, as to whether that portion of the section of the statute here involved is in conflict with that provision of the Bill of Rights which provides that a person shall not be twice punished for the same offence. R. S. 1881, section 59.

Section 2150, R. S. 1881, provides, that " Whoever, when requested by the assessor, * * * fails to give a true list of all his taxable property, or to take and subscribe any oath in that behalf, as required by law, * * * upon conviction thereof, shall be fined not more than five hundred dollars, nor less than ten dollars."

After a careful consideration, we have concluded that the

portion of the section above set out, which is all that is pertinent here, is negative in its character—that is, it provides a fine for not doing that which the law requires.     The wrong for which the fine is provided is not a false oath, nor the making of a false or fraudulent tax list, but the failure on the part of the property-owner, when requested, "to take and subscribe" the required oath, and the failure and refusal to give a list of all his taxable property.

On the other hand, the wrong for which the penalty is to be imposed under that portion of section 6339, above set out, is not the failure and refusal to furnish the tax list, but the giving of a false and fraudulent list.

For the refusal, under section 2150, a fine is to be inflicted. For the furnishing of a false and fraudulent list, section 6339 provides a penalty. The wrongs, we think, are different. And hence it can not be said that the two sections provide for a double punishment for the same offence, whatever might have been the result were the wrongs the same. For a full discussion of the general subject, see the case of *State, ex rel.,* v. *Stevens,* 103 Ind. 55 (53 Am. R. 482).

Other questions are discussed by counsel, but as they may not arise upon a remodelling of the complaint, we need not now decide them.

Judgment reversed.

Filed Oct. 30, 1886.