## 162    SUPREME COURT OF INDIANA,

No. 13,432.

THE STATE, EX REL. MARTINDALE, PROSECUTING ATTOR-
NEY, v. LAUER.

TAXES.—*Personal Property.*—*Fraudulent List.*—*Penalty.*—A taxpayer who
returns a false and fraudulent list of his personal property subject to
taxation, is liable to the penalty prescribed by section 6339, R. S. 1881.
SAME.—*Notice to Prosecuting Attorney.*—*Pleading.*—The notice which the
statute provides the assessor shall give the prosecuting attorney of the
taxpayer's offence, is no part of the definition of the offence, and need
not be averred in the complaint to recover the penalty.

From the Marshall Circuit Court.

*L. T. Michener*, Attorney General, *W. B. Hord, E. C. Mar-
tindale*, Prosecuting Attorney, and *J. D. McLaren*, for the
State.

*L. M. Lauer*, for appellee.

ELLIOTT, J.—This action is prosecuted under the provi-
sions of section 6339 of the Revised Statutes of 1881, to re-
cover the statutory penalty for making and returning a false
and fraudulent list of taxable property.

The complaint reads thus: "The plaintiff complains of
the defendant, and says that the said defendant now is, and
has been for two years last passed, a resident of the city of
Plymouth, in Center township, Marshall county, Indiana;
that the assessor of said township, John A. Palmer, between
the 1st day of April, 1886, and the 1st day of June of said
year, gave to the defendant a blank schedule to be by the
defendant filled out, and to make a true list of his personal
property owned by him on the 1st day of April, 1886, and
subject to taxation ; that, on the 19th day of April, 1886, the
defendant gave to the said assessor a false and fraudulent list
and schedule of his personal property subject to taxation on
said 1st day of April, to wit, the defendant gave in as money

loaned on time or call the sum of $2,700. when, in truth and in fact, said defendant had, on the said 1st day of April, a much larger sum of money loaned, to wit, the sum of $12,- 519, to divers citizens of said State ; that the defendant was, on said 1st day of April, the owner of a large stock of dry goods and merchandise of the value of $3,000, all subject to taxation, which he failed to list and give in as shown in said list and schedule which is filed herewith marked exhibit 'A,' and made part hereof; that said list and schedule, given to said assessor as aforesaid, is false and fraudulent as aforesaid."

The validity of the act under which the action is prosecuted is very satisfactorily vindicated by the decision in *Burgh* v. *State, ex rel.*, 108 Ind. 132, and we do not deem it necessary to add anything to what was there said.

We assume that the validity of the act is established, and, acting upon this assumption, we proceed to consider whether the complaint states a cause of action. It is not a faultless pleading by any means, but we think it contains sufficient facts to repel a demurrer.

Counsel is in error in affirming that the complaint does not aver that the appellee had more money loaned on the 1st day of April, 1886, than he returned for taxation. A fair construction of the language of the pleader leads to the conclusion that on that day the appellee had loaned money to the amount of $12,519, whereas he returned for taxation only $2,700, a sum very much less than he actually had out on loans. It was his duty, under the law, to have accounted for all the money invested in loans, and having falsely and fraudulently returned a much less amount than the true one, he must suffer the penalty prescribed by law. The leading purpose of the law is to compel a true and just listing of personal property of all kinds, and to punish the taxpayer who fraudulently attempts to escape payment of the tax upon his personal property.

There is no merit in the contention of appellee's counsel

that the complaint is bad because it does not aver a request to make out a list. This we say because the complaint shows the delivery of a blank list to the appellee, and that he filled it up and returned it to the assessor. He accepted the blank given him, and fraudulently filled it up so as to evade payment of the tax on a great amount of property.

It is not necessary that the complaint in such a case as this should allege that the prosecuting attorney was notified of the wrong done by the taxpayer. The offence consists in making a false and fraudulent list or schedule, and the provision requiring notice to be given the prosecuting attorney is no part of the definition of the offence, but is simply a direction to the assessor to give notice to the proper officer of the taxpayer's offence.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Filed Nov. 17, 1888.