Durham v. The State, *ex rel.* Anderson, Prosecuting Attorney.

Filed March 6, 1889.

———◆———

No. 14,313.

Durham v. The State, ex rel. Anderson, Prosecuting
Attorney.

Taxes.—*False List.—Omission of Property.—Penalty.*—One who fraudulently omits from the tax list returned by him money on deposit belonging to him, is liable to the pecuniary penalty prescribed by section 6339, R. S. 1881, which is recoverable in an action in the name of the State, on the relation of the prosecuting attorney.

Same.—*Separate Offences.—Criminal and Civil Liability of Taxpayer.*—The

offences defined by sections 2150 and 6339, R. S. 1881, in relation to false returns of property for taxation, are separate and distinct, the one subjecting the taxpayer to criminal prosecution, and the other rendering him liable to a penalty recoverable in a civil action.

SAME.—*Constitutional Law.*—The Constitution of this State, in speaking of criminal prosecutions, does not refer to the enforcement of statutory penalties.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *S. C. Kennedy,* for appellant.

*L. T. Michener,* Attorney General, *A. B. Anderson,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

ELLIOTT, J.—The relator's complaint, omitting the formal parts, reads thus: " That the defendant, William H. Durham, is now, and for ten years last past has been, a resident of Union township, Montgomery county, Indiana ; that, on the 1st day of April, 1887, said defendant was the owner of a large sum of money, to wit, one hundred and thirty-six thousand two hundred and thirty-one dollars and fourteen cents, on deposit in the First National Bank of Crawfordsville, Indiana, subject to his order, check and draft, and which was subject to taxation under the laws of said State ; that, on the 30th day of May, 1887, one George W. Benefield, who was then and there deputy assessor of Marion township of said county, appointed by Daniel H. Gilkey, the assessor of said township, and acting as such deputy, called upon said William H. Durham and furnished him with the proper blanks for the purpose of said Durham making to such deputy assessor a full and correct description of all the personal property of which the said Durham was the owner on said 1st day of April, 1887 ; that, on said 30th day of May, 1887, said Durham delivered to said Benefield, as such deputy assessor, a list and schedule purporting to be a full and correct list and description of all the personal property of which said Durham was the owner on the 1st day of April, 1887 ; that said list and schedule was not a true and correct list, schedule and statement of said Durham's money on de-

posit, subject to his order, check and draft, but was a false and fraudulent list, schedule and statement, in this, to wit, that said list, schedule and statement, so delivered to said deputy assessor, did not contain said sum of money on deposit as aforesaid."

In *Burgh* v. *State, ex rel.*, 108 Ind. 132, the questions presented by this record were very fully discussed, and a conclusion reached that decides this appeal against the appellant. The same questions were presented in the case of *State, ex rel.*, v. *Lauer*, 116 Ind. 162, and the rulings made in *Burgh* v. *State, ex rel., supra*, were approved and followed. We do not deem it necessary to again discuss the question, for we are satisfied that the reasoning in *Burgh* v. *State, ex rel., supra*, demonstrates the validity of the conclusions there announced, and to them we adhere.

There is no difference in principle between this case and the former cases, for here the complaint charges that the defendant delivered to the assessor a false and fraudulent list, and the particular in which it was false and fraudulent is specified.

The demurrer concedes that the list was a false and fraudulent one, and the case, therefore, comes within the provisions of section 6339, R. S. 1881.

The requirement of the statute is that the taxpayer shall give a true list, and, as it reads, in substance, if he "shall give a false or fraudulent schedule or statement," he shall be "liable to a penalty of not less than fifty dollars nor more than five thousand dollars."

It is perfectly obvious that a list which fraudulently omits an item of property is such an one as the statute condemns ; and it is also clear that the statute intends that a person guilty of returning such a list shall pay the penalty prescribed. The object of the statute is two-fold : 1st. To reimburse, in some measure, the government for the loss and inconvenience caused by the effort to secrete property. 2d. To punish the offender. The penalty is not simply a fine.

We have no doubt that we were right in holding, as we did in *Burgh* v. *State, ex rel., supra*, that the offence defined in section 6339 is different from that defined in section 2150. It is, as is well known, the duty of the courts, when it can be done, to so construe statutes relating to the same subject as that they shall all stand, and, standing, shall form one consistent body of law. This duty we here discharge when we hold that the two sections mentioned shall both stand, and that the offences defined by them respectively are separate and distinct.

We concur with appellant's counsel that the law will not twice punish the same act, but we can not agree that the acts denounced in sections 6339 and 2150 are the same.

Penalties, although prescribed for a public wrong, may be recovered on a complaint in the name of the State, or in the name of a party authorized by law to sue. The Legislature has plenary power to prescribe the form of remedy. The Constitution does not require that actions to recover statutory penalties shall be prosecuted by indictment or information. At common law debt was the appropriate form of action. *Western U. Tel. Co.* v. *Scircle*, 103 Ind. 227; *United States* v. *Hoskins*, 5 Mackey (D. C.), 478.

Mr. Bishop thus states the law: "The doctrine is different where a penalty is to be recovered in a proceeding civil in form,—as, for instance, in a *qui tam* action,—though the thing done is in its nature criminal. Here the law does not regard the act as being properly a crime; or, if it does, still the rules which regulate civil proceedings must be applied." 1 Bishop Cr. Law, section 956.

Constitutions are to be interpreted " in the light and by the assistance of the common law." In judging what a Constitution means, we are to keep in mind that it is not the beginning of the law for the State, but that it assumes the existence of a well understood system, which is still to remain in force and be administered. Cooley Const. Lim. (4th ed.), 70.

Applying this familiar doctrine, the conclusion must be that our Constitution, in speaking of criminal prosecutions, does not refer to the enforcement of statutory penalties.

It is assumed by counsel that appellant has been prosecuted by indictment for the same wrong as that described in this complaint, but there is nothing in the record justifying this assumption ; on the contrary, we must assume, as matter of law, that he could not have been successfully prosecuted, because the statute which defines the wrong declares that the penalty shall be a pecuniary one, recoverable in an action prosecuted in the name of the State on the relation of the prosecuting attorney.

The Legislature, in the due exercise of its power, has defined the wrong, declared it actionable, prescribed the penalty, and provided the remedy. The complaint states facts constituting the wrong denounced by the statute, the remedy is appropriate, and the parties are the proper ones, so that the case is brought fully within the statute.

Judgment affirmed.

Filed Jan. 5, 1889 ; petition for a rehearing overruled March 5, 1889.