Davis, Administrator, *v.* The State, *ex rel.* Long, Prosecuting Attorney.

No. 14,834.

DAVIS, ADMINISTRATOR, *v.* THE STATE, EX REL. LONG,
PROSECUTING ATTORNEY.

119   555
,119   477
119   555|
158   415|

TAXES.—*False List.*—*Penalty.*—*Survival of Action for.*—A cause of action to recover the penalty imposed by section 6339, R. S. 1881, upon any person who gives a false and fraudulent list or statement of his taxable personal property, does not die with the taxpayer, but, under section 283, R. S. 1881, survives and may be maintained against his personal representative.

SAME.—*New Right of Action.*—*Subject to General Statutes Regulating Limitation and Survival.*—Whenever a new right of action is given by statute, the right is subject to all general statutes regulating the limitation and survival of actions, unless it is expressly excepted therefrom.

SAME.—*Complaint to Recover Penalty.*—*Insufficiency of.*—It is only for failing to give a correct list of the property owned on the 1st day of April of any current year that the penalty is prescribed, and where the complaint to recover the penalty merely alleges that the taxpayer gave a false statement of the property owned by him " in the years 1885 and 1886," it is bad.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler,* for appellant.

*S. B. Voyles,* for appellee.

MITCHELL, J.—Section 6339, R. S. 1881, imposes a penalty of not less than fifty dollars nor more than five thousand dollars upon any person who gives a false or fraudulent list or statement of his taxable personal property, which is required by law to be listed, when called on for that purpose. It provides that the penalty may be recovered in any proper form of action, by the State of Indiana, on the relation of the prosecuting attorney, who is required to prosecute the offender to final judgment and execution, and who is allowed a commission of ten per cent. on all moneys collected, and a docket fee of ten dollars to be taxed and collected as costs.

This proceeding was instituted in the Washington Circuit

Court by the prosecuting attorney, who filed a claim in the name of the State of Indiana, on his own relation, against the estate of John A. Bowman, deceased, in which it was charged that the decedent had given to the assessor of the township in which he resided a false and fraudulent list of his personal property for taxation in the years 1885 and 1886. The administrator prosecutes this appeal from a judgment assessing a penalty of $920 against the estate of the decedent.

It is insisted that the cause of action died with the death of Bowman, that it is not within the statute regulating the survivorship of actions, and that the court therefore erred in entertaining it as a claim against the decedent's estate. *Qui tam* actions at common law—which were in their essential characteristics the same as the one under consideration— were those given by act of Parliament for the recovery of a penalty or forfeiture for the neglect of some duty or the commission of some crime. They were recognized as civil actions, or informations to recover the penalty, in the name of the sovereign, at the suit of an individual, who might prosecute as well for the king as for himself. 1 Bacon Abridgment, p. 88. The action was not to recover damages sustained by the plaintiff, but for penalties incurred by the defendant. They were in the nature of civil informations or suits, and the common law remedy was an action of debt. *Western Union Tel. Co.* v. *Scircle*, 103 Ind. 227, and authorities cited ; *Durham* v. *State, ex rel.*, 117 Ind. 477. Statutory penalties are ordinarily in the nature of a punishment prescribed by law for the non-performance of an act, or for the performance of an act in an unlawful manner, and in some cases the penalty stands in lieu of the act to be performed. *San Luis Obispo* v. *Hendricks*, 71 Cal. 242.

Penalty involves the idea of punishment, and whether it is inflicted in a civil or criminal prosecution, its character is not changed. It may involve the payment of a sum of money or personal suffering. *United States* v. *Chouteau*, 102

U. S. 603; *The Strathairly*, 124 U. S. 558.  Nevertheless, debt lies for a statutory penalty, because the sum demanded is in the nature of a fixed or liquidated liability for a wrong done.  *Chaffee* v. *United States*, 18 Wall. 516; *State, ex rel.*, v. *Stevens*, 103 Ind. 55.

Although by the common law the action was in the nature of a civil information for a debt, *qui tam* actions on penal statutes were nevertheless designated as actions *ex delicto*, sounding in tort, and were therefore within the common law maxim which declared that all personal actions were extinguished by the death of the *tortfeasor*.  The common law rule prevails generally in the United States, and actions to recover penalties prescribed by statute can not be maintained against the personal representative of a deceased wrongdoer, except in cases where the survivorship of such actions is controlled by statute.  *Schreiber* v. *Sharpless*, 110 U. S. 76; *Stokes* v. *Stickney*, 96 N. Y. 323; *Jones* v. *Vanzandt*, 4 McLean, 604.

It is provided by statute that " In all cases where actions survive, they may be commenced by or against the representatives of the deceased to whom the interest in the subject-matter of the action has passed."  Section 281, R. S. 1881.  The statute also declares, in effect, that all actions which arise out of an injury to the person die with the person of either party, except in certain specified cases.  Section 283 declares that all other causes of action survive, and may be brought against the representatives of the deceased party, except actions for promises to marry.

In *Western Union Tel. Co.* v. *Scircle, supra*, the court, in giving a construction to this last section, said : " When it is granted, as it must be, that there is a cause of action, and that it is not for an injury to the person, it follows with absolute logical certainty that the cause of action survives by force of the statute."  This reasoning is conclusive of the question in the present case.  If there was a cause of action of a civil nature to enforce a penalty incurred under the stat-

ute existing at the death of Bowman, it survived against his personal representative by force of the statute. Jurists have found much difficulty in precisely defining a cause of action. Pomeroy Remedies, section 432. Generally speaking, it is the right which a party has to institute and carry through a proceeding. Anderson Law Dict., 157. "It may be said to be composed of the right of the plaintiff, and the obligation, duty or wrong of the defendant; and these combined, it is sufficiently accurate to say, constitute a cause of action." *Veeder* v. *Baker*, 83 N. Y. 156.

As we have seen, *qui tam* actions were recognized as civil actions at the common law, and although the action does not proceed altogether upon the theory of affording compensation to the State for an injury, there is nevertheless a right created by the statute in favor of the State to recover for a wrong done, and the wrong committed and the right to recover for it constitute the very essence of a cause of action. The conclusion follows that the cause of action thus created is embraced by section 283, which provides in effect that *all* causes of action, except for injuries to the person and actions for promises to marry, survive and may be brought against the personal representative of the deceased party. There is no force in the suggestion that the action does not survive, because the statute imposing the penalty and giving the right to sue was not enacted until after the enactment of the statute relating to the survival of actions. It could be argued with equal propriety and quite as much reason, that the statute of limitations, or any of the other general statutes regulating the time, place and manner of bringing and conducting suits, had no application to actions like the present. Whenever a new right of action is given by statute, the right is subject to all general statutes regulating the limitation and survival of actions, unless it is expressly excepted therefrom. We quite agree with the contention that it might have been provided in the statute giving the right that the action should not survive, but it is not so pro-

Davis, Administrator, *v.* The State, *ex rel.* Long, Prosecuting Attorney.

vided, and the court can not engraft such a provision upon the statute by construction.  In the absence of such a provision, the case is controlled by the general statute governing the subject of the survival of actions.  The authorities cited fully sustain this proposition.

The judgment in the present case must, however, be reversed, because it is neither averred in the complaint nor found as a fact that the decedent owned the property which it is alleged he failed to list on the 1st day of April of any current year.  The averments in the complaint are to the effect that the deceased gave to the assessor a false and fraudulent statement of the property owned by him in the years 1885 and 1886.  This was not a sufficient averment.  The law required the decedent to give a true and correct list of property owned by him on the 1st day of April of each year, and the penalties prescribed are for failing to make such a list as is required by law.

Courts can not create penalties by construction, but must avoid them by construction, unless the act for the doing or omission of which the penalty is claimed is brought clearly within the letter and the necessary meaning of the statute giving the right to the penalty.  This is familiar law. *Burgh* v. *State, ex rel.,* 108 Ind. 132, and cases cited.

The judgment is reversed, with costs.

Filed June 21, 1889; petition for a rehearing overruled Oct. 16, 1889.