Filed Nov. 11, 1891.

---

No. 311.

## WARNER v. THE STATE, EX REL. HAYWOOD.

TAXATION.—*Penalty for Omitting Property from Tax Assessment.—Action to Recover.— Value of Omitted Property.*—In an action to recover a penalty under section 6339, R. S. 1881, for the fraudulent failure to give to the assessor property for taxation, it is not necessary to allege the value of the property omitted, if it is averred that the omitted property consisted of a certain named sum of money on hand and on deposit, subject to his order, check or draft.

SAME —*Specific Acts of Fraud.—Allegations Concerning.*—In such action it is not necessary to set forth a specific act of fraud, if it is alleged that the list and schedule furnished the assessor was not a full, true and correct list and schedule, but that the same was false and fraudulent.

SAME.—*Failure of Assessor that Notify Prosecuting Attorney.—Allegation as to.*— In such case it is not necessary to allege or prove that the proper assessor notified the prosecuting attorney of the failure of the taxpayer to give in a proper list of his taxables.

From the Tippecanoe Circuit Court.

*F. W. Chase, T. A. Stuart, W. V. Stuart* and *C. B. Stuart,* for appellant.

*G. P. Haywood,* for appellee.

BLACK, J.—This was an action against the appellant to recover a penalty, as provided in section 6339, R. S. 1881, being section 71 of the tax law of 1881.

The appellant has assigned as error that the complaint does not state facts sufficient to constitute a cause of action.

It was alleged in the complaint, in substance, that on the 1st of April, 1887, and also on the 20th of the same

month, the appellant was a resident of Fairfield township, Tippecanoe county, State of Indiana, and at both of said times was a person of sound mind and full age, and as such was liable to taxation in said township, county and State ; that on the 1st of April, 1887, he was " the owner of a large sum of moneys loaned by him, and credits due and owing him, to wit : the sum of ten thousand eight hundred and fifty-four dollars, and which said sum of moneys and credits was then and there subject to taxation under the laws of said State ;" that at the date last mentioned he was also " the owner of a large sum of moneys, to wit : the sum of twelve thousand three hundred dollars, on hand and on deposit, subject to his order, check, and draft." It is next shown, with more particularity than is necessary in this opinion, that on the 20th of April, 1887, a certain deputy assessor of said township, as such, called upon and furnished the appellant with proper blanks for the purpose of his making and giving to such deputy, for taxation, a full, true, and correct list and description of all the personal property of which the appellant was the owner on the 1st of April, 1887, and which was then and there subject to taxation; that on said 20th of April, 1887, the appellant made and delivered to said deputy, for the purpose of taxation, a list, schedule, and statement, purporting to be a full, true, and correct list, schedule, statement, and description of all the personal property of which the appellant was the owner on the 1st of April, 1887, and which was then and there subject to taxation ; that it was not a full, true, and correct list, schedule, and statement of the appellant's moneys loaned by him, and credits due and owing him as aforesaid, but was a false and fraudulent list, schedule, and statement in this, to wit : that said list, etc., " did not contain said sum of moneys loaned by him, and credits due and owing him as aforesaid, or any part thereof ;" also, that said list, etc., was not a full, true, and correct list, schedule, and statement of the appellant's moneys on hand and on deposit

as aforesaid, but was a false and fraudulent list, schedule, and statement, in this, to wit: that said list, etc., " did not contain said sum of moneys on hand and on deposit as aforesaid, but only a small part thereof, to wit: the sum of twenty-three hundred dollars." Wherefore, etc.

The appellant urges as an objection to the complaint that it does not state the value of any of the items which he is alleged to have omitted from his schedule.

Whether, if the delinquency charged against the appellant relates only to the omission from his schedule of the items of moneys loaned and credits due and owing, as stated, the complaint would be defective without a statement of the value of the omitted property, we need not determine.

The complaint alleges the omission also of appellant's moneys on hand and on deposit, subject to his order, check, and draft, indicating the sum omitted. The omitted property being money, the sum thereof was its value.

It is claimed on behalf of the appellant that no specific act of fraud is set forth in the complaint.

The statute, section 6339, R. S. 1881, provided : " If any person or corporation shall give a false or fraudulent list, schedule, or statement required by this act  *  *  *  he or it shall be liable to a penalty," etc.

The complaint sufficiently showed a breach of duty within the letter and spirit of the statute.

By said section 6339 it was enacted that the penalty therein provided for might be recovered in any proper form of action, in the name of the State of Indiana, on the relation of the prosecuting attorney. The section contained also a provision as follows :   " The assessor shall forthwith notify the prosecuting attorney of such delinquency, or offence, and he shall prosecute such offender to final judgment and execution," etc.

Counsel for appellant contend that the prosecuting attorney had no authority to bring the action until he had been notified by the assessor.

The delinquency constituted the cause of action for the penalty. The cause of action was complete before the notice and without the notice. The requirement that the assessor should give the notice was provided in order more surely to secure the prosecution of the delinquency, or offence, but the right and duty of the prosecuting attorney were not dependent on the performance of this duty of the assessor. This question was decided adversely to the appellant in *State, ex rel.*, v. *Lauer*, 116 Ind. 162.

Under the decisions it seems that this complaint would not, on demurrer, have been insufficient for any of the reasons urged against it by counsel under the assignment that the complaint does not state facts sufficient. See *Burgh* v. *State, ex rel.*, 108 Ind. 132; *State, ex rel.*, v. *Lauer*, *supra ; Durham* v. *State, ex rel.*, 117 Ind. 477; *Davis* v. *State, ex rel.*, 119 Ind. 555.

The appellant's motion for a new trial was overruled, and he contends that the evidence was insufficient because there was no proof of notice from the assessor to the prosecuting attorney. This question has been disposed of above at as much length, certainly, as is excusable in view of the manifest want of plausibility in the objection.

Argument is made concerning the admission of testimony over appellant's objection; but no ground of objection was stated to the trial court. Therefore, no question concerning the court's action in the premises is properly before us.

The judgment is affirmed, with costs.

Filed Nov. 10, 1891.