Filed Jan. 6, 1892.

<br>

### No. 217.

## SWIFT v. THE STATE, EX REL. DEVELIN, PROSECUTING ATTORNEY.

TAXATION.—*Action to Recover Penalty.*—*Omission of Property.*—*Complaint.*—
*Sufficiency of.*—In an action to recover a penalty, under section 6339, R. S. 1881, for giving a list which was made false and fraudulent by omitting a portion of the defendant's property subject to taxation, the complaint need not aver that at the time the tax-list was made and delivered to the assessor, the defendant was a person of full age and sound mind ; nor need it aver that the notes which it was alleged were omitted from the tax-list were of any value.

From the Franklin Circuit Court.

*W. H. Jones* and *C. F. Jones*, for appellant.

BLACK, J.—The appellant was sued for the recovery of a penalty, under section 6339, R. S. 1881, being section 71 of the statute of 1881, concerning taxation. The question as to the sufficiency of the complaint, after verdict, is presented.

In the complaint, filed on the 27th of October, 1888, it was alleged that " the defendant, Hannah H. Swift, is now, and for three years last past has been, a resident of Whitewater township of said Franklin county, Indiana; that on the 1st day of April, 1888, said defendant, Swift, was the owner of certain promissory notes for moneys loaned by her on time, to the amount of twelve thousand five hundred dollars, which was subject to taxation under the laws of said State; that on the 4th day of April, 1888, one James B. Cottrell, who was then and there assessor of said Whitewater township, and acting as such assessor, called upon said Hannah H. Swift and furnished her with the proper blanks for the purpose of said Hannah H. Swift's making to such assessor a full and correct list and description of all the personal property of which the said Hannah H. Swift was the owner on the 1st day of April, 1888; that on the 4th day of April, 1888, said Hannah H. Swift delivered to said James B. Cottrell, as such assessor, a list, schedule and statement purporting to be a full and correct list and description of all the personal property of which the said Hannah H. Swift was the owner on said 1st day of April, 1888; that said list, schedule, and statement was not a true and correct list, schedule and statement of said Hannah H. Swift's moneys loaned by her on time, but was a false and fraudulent list, schedule and statement in this, to wit: that said list, schedule and statement so delivered to said assessor contained only three thousand dollars of the aforesaid twelve thousand and five hundred dollars. Wherefore," etc.

Two objections to the complaint are urged on behalf of the appellant: *First,* that it does not contain an averment that the appellant, at the time the tax list was made and delivered to the assessor, was a person of full age and sound mind; and, *second,* that the complaint fails to state, or show, that " the notes mentioned therein as having been omitted were of any value."

Among the statutory provisions in force at the time in question, were the following:

"Every person of full age and sound mind, residing in this State, whether married or single, shall list his or her tangible personal property subject to taxation, which is situated in the county wherein he or she resides." Section 6283, R. S. 1881.

"The owner shall list, in the township where he resides, all his moneys, bonds, * * moneys loaned or invested," etc. Section 6286, R. S. 1881.

"Every such adult resident shall also list all moneys, and other personal property invested or loaned or otherwise controlled by him as the agent or attorney, or on account of any other person," etc. Section 6287, R. S. 1881.

By section 6288, R. S. 1881, it was provided that the personal property of a minor, insane person, or idiot, should be listed by his guardian, "but if there be no guardian, then by the person having charge of such property."

The property mentioned in the complaint was subject to taxation. Sections 6271, 6273, R. S. 1881.

Section 6330, R. S. 1881, provided: "On the first day of April of each year, or as soon thereafter as practicable, and before the first day of June, the assessor shall call upon each person required by this act to be assessed, and furnish him or her with the proper blanks for the purpose; and, thereupon, such person shall make to such assessor a full and correct description of all the personal property of which such person was the owner on the first day of April of the current year. Such person * * shall affix what he deems the fair cash value thereof to each item of personal property, for the guidance of such assessor; who shall determine and settle the value of each item, after examination of such statement and, also, an examination, under oath, of the party, if he deem it necessary, or he may adopt the valuation of the party," etc.

In the form of schedule prescribed (section 6336, R. S.

1881) a column was provided for valuation of each item by the party and a column for valuation by the assessor.

By section 6339, R. S. 1881, upon which this proceeding was based, it was provided : " If any person or corporation shall give a false or fraudulent list, schedule or statement required by this act, * * he or it shall be liable to a penalty," etc.

This is a civil proceeding, and is governed by the rules applicable to civil actions. It is a proceeding to recover a penalty, not for refusal to do an act, but for giving the assessor a false and fraudulent list.

Where the owner of the property has so far affirmed his capacity and obligation to list it for taxation as to deliver the list to the assessor, we do not regard it as necessary that the complaint against him to recover the penalty for giving a list false and fraudulent as to his moneys loaned should expressly show that he was not a minor, and not a person of unsound mind.

The complaint was not for falsity or fraud in affixing a valuation to an item of property embraced in the schedule, or for refusal to fix any valuation to particular property listed. It was for giving a list which was made false and fraudulent by omitting a portion of the appellant's property subject to taxation. The complaint was so treated upon the trial. The court instructed the jury that the appellant was not required by law to list for taxation notes held by her which were of no value, and that she might determine the value of such notes, and if she honestly believed that such notes were of no value she would not be required to list them. *

We are unable to sustain the objections urged against the complaint. See *Burgh* v. *State, ex rel.*, 108 Ind. 132; *State, ex rel.*, v. *Lauer*, 116 Ind. 162; *Durham* v. *State, ex rel.*, 117 Ind. 477; *Davis* v. *State, ex rel.*, 119 Ind. 555; *Brand* v. *State, ex rel., post*, p. 469; *Warner* v. *State, ex rel., ante*, p. 60.

The court overruled the appellant's motion for a new trial,

in which twenty-five reasons were assigned. We have examined these reasons, so far as they are properly pointed out and argued in the appellant's brief; and we have not found any sufficient reason for the reversal of the judgment. To discuss the many objections raised and urged by the appellant could not be of general utility.

The judgment is affirmed.

Filed Jan. 6, 1892.