LaPlante *v.* State, ex rel. Goodman, Prosecuting
Attorney.

[No. 18,663. Filed January 6, 1899.]

TAXATION.— *Failure to List Property.— Complaint.*—In an action against a taxpayer to recover penalties for failure to list property for taxation, each year's failure constitutes a separate cause of action, and should be stated in a separate paragraph of the complaint. *pp. 82, 83.*

SAME.—*Harmless Error.—Overruling Motion to Paragraph the Complaint.*—The action of the court in overruling a motion to require the State, in an action to recover the penalty for failure to list property for taxation, to state each year's failure in separate paragraphs is harmless, where the State elected to ask a recovery for one particular year only. *p. 83.*

PLEADING.—*Legal Capacity to Sue.—Demurrer.*—Absence of legal capacity to sue is prescribed by the code as one of the causes of

LaPlante *v.* State, *ex rel.*

demurrer to a complaint, and such question cannot be presented on appeal where the same was not assigned as cause for demurrer. *pp. 83, 84.*

TAXATION.—*Failure to List Property.—Action.—Relator.*—An action by the State for failure to list property for taxation is properly brought on the relation of the prosecuting attorney.  *p. 84.*

SAME.—*Failure to List Property.—Complaint.*—A complaint in an action by the State on the relation of the prosecuting attorney for the recovery of the penalty provided by statute for failure to list property for taxation which discloses that the omitted property consisted of money, bonds, mortgages, notes, etc., subject to taxation, is sufficient without averring the value of the particular property.  *p. 84.*

SAME.—*Failure to List Property.—Penalty.*—A penalty of $1,500 for failure to list property for taxation is not excessive, where the evidence showed that defendant omitted from his tax list over $20,000 worth of property held by him, subject to taxation, and converted about $1,800 for the purpose of avoiding taxation.  *p. 84.*

PLEADING.—*Amendment.* — The action of the court in permitting plaintiff to amend his complaint after the jury was impaneled, and during the trial, will not be reviewed on appeal, where an abuse of discretion to the prejudice of defendant's substantial rights is not shown.  *pp. 84, 85.*

APPEAL AND ERROR.—*Evidence.—Admission.—Exception.*—No question is presented on appeal as to the action of the court in sustaining an objection to a question propounded to a witness by merely reserving an exception to such ruling.  *p. 85.*

INSTRUCTIONS.—*Must be Considered Together.*—An inaccurate instruction will not operate in reversing a judgment, where the instructions considered as a whole correctly advised the jury relative to the law by which they were to be controlled in arriving at a verdict.  *p. 85.*

APPEAL AND ERROR.—*Erroneous Instructions.—When Cause Will Not be Reversed on Account of.*—The Supreme Court will not reverse a judgment on account of erroneous instructions, where the evidence clearly establishes that appellant was guilty of the wrong imputed to him under the complaint.  *p. 85.*

From the Knox Circuit Court.  *Affirmed.*

*H. S. Cauthorn, C. E. Dailey* and *H. S. Cauthorn, Jr.,* for appellant.

*W. A. Cullop, C. B. Kessinger* and *J. I. Goodman,* for appellee.

JORDAN, J.—This action was prosecuted against appellant in the name of the State on the relation of the prosecuting attorney, under section 8465 Burns 1894 (section 55, Acts 1891, p. 217), to recover a penalty on account of his making a false and fraudulent list or schedule of his taxable property. A trial by jury resulted in a finding in favor of the State and the penalty assessed by the jury was $1,500, and, over appellant's motion for a new trial, judgment was rendered upon the verdict.

The complaint, among other things, charges that appellant failed and refused to give a true list of his personal property subject to taxation on the 1st day of April for the years 1881 up to and including the year 1896; that when the assessor called upon him in each of said years for a list of all of his personal property, including money, rights, credits, bonds, and choses in action, he returned to said official a list which was not a true and correct one of his money, rights, credits, bonds, and choses in action, but that he returned a false and fraudulent list in this, to wit: That he omitted from his said list in each of said years certain described mortgage notes, bonds, cash, and choses in action, which he, appellant, held and owned, subject to taxation, on the 1st day of April of each of said years. The complaint also charges other fraudulent omissions and conversions by appellant of his property for the fraudulent purpose of avoiding taxation, and an itemized statement of the property which he failed to list is filed with and made a part of the complaint.

Appellant unsuccessfully moved the court to require the plaintiff to paragraph its complaint, in order that his failure to list property for each of the years, as therein charged, should be stated in separate paragraphs. The action of the court in denying this motion is complained of, and it is claimed that it constitutes reversible error. In actions of this kind to recover penalties for a failure to list property upon the part of a taxpayer, each year's failure consti-

tutes a separate cause of action, and ought to be stated in a separate paragraph of the complaint. *State* v. *Halter*, 149 Ind. 292.

The record, however, in the case at bar discloses that the court, in its instructions to the jury, stated to them that the plaintiff had elected to ask a recovery against the defendant for the year of 1895 only, and it further directed the jury in its instructions to confine their inquiry, under the evidence, to that year alone. Therefore, under the circumstances, it may be said that it affirmatively appears from the record that the recovery against appellant was for the year 1895, and no other; hence, the ruling of the court upon the motion to paragraph must be deemed to be harmless, and is not available to constitute reversible error. This court has held that, as·a general rule, denying a motion to paragraph a complaint is not sufficient ground for a reversal of a judgment. *Wabash, etc., R. Co.* v. *Rooker*, 90 Ind. 581. Appellant challenges the constitutional validity of the provisions of the statute in question, but we need consume no time upon the consideration of this question, as the validity of the law is fully sustained by the decisions of this court. *Burgh* v. *State*, 108 Ind. 132; *State* v. *Halter*, 149 Ind. 292.

A demurrer to the complaint upon the grounds of improper joinder of causes of action, and insufficiency of facts, was overruled, and this ruling is assigned as error, and thereunder counsel for appellant specify four reasons which, as they claim, render the complaint fatally defective: (1) It does not show the capacity of the relator to prosecute this action; (2) it does not appear from the complaint that the suit was instituted by the proper relator; (3) it does not allege that the property omitted by appellant was of any value; (4) a copy of appellant's tax list for the year of 1895 ought to have been filed with and made a part of the complaint.

Absence of legal capacity to sue is prescribed by the code as one of the causes of demurrer to a complaint. Section 342 Burns 1894, section 399 Horner 1897. Appellant, as

we have seen, did not assign this cause as one for demurrer; hence, he is not now in a position to assail the complaint upon that ground. *Edwards* v. *Beall*, 75 Ind. 401. The complaint sufficiently discloses that the action was instituted on the relation of the proper person, and it also shows that the omitted property consisted of cash, money, bonds, mortgage notes, etc., subject to taxation. This was sufficient without averring the value of this particular property. *Swift* v. *State*, 3 Ind. App. 285. A copy of appellant's tax list or schedule for the year 1895 was not required to be filed as an exhibit with the complaint. *State* v. *Halter*, 149 Ind. 292.

It is true, as insisted by appellant's learned counsel, that the complaint is not a model pleading, but it sets out facts which constitute the wrong which the statute condemns, and is substantially sufficient to repel a demurrer.

It is next insisted that the court erred in overruling the motion for a new trial, and the first contention is that the penalty assessed is excessive and not sustained by the evidence. There is evidence in the case which shows that appellant on April 1, 1895, owned and held bonds, money, stocks, mortgage notes, etc., subject to taxation, of the value of $27,000, and over. It appears from the evidence that in that year he omitted from his tax schedule or list over $20,000 of this property, besides converting a certain sum of money of about $1,800, for the purpose of avoiding taxation. We have examined the evidence and are satisfied that it fully sustains and justifies the verdict of the jury and the judgment of the court thereon.

After the jury was impaneled and during the trial, the court permitted the plaintiff to make an amendment to the complaint, and objections are urged in regard to this action of the court. The amendment, however, was a discretionary matter with the trial court and it does not appear that it was abused to the prejudice of any of appellant's substantial rights; hence, under a well settled rule, the action of the

court in permitting the amendment is not open to review in this court. The complaint is also made that the court erred in not permitting a witness named to answer a certain question propounded to him by appellant. The record, however, discloses only that this witness was asked the question by counsel for appellant, to which counsel for appellee objected, and this objection was sustained by the court and an exception reserved on the part of appellant. This is not sufficient to present any question for our consideration in respect to this ruling of the court. Elliott's App. Proc. sec. 743, and cases there cited; *Rains* v. *State, ante,* 69.

Counsel for appellant claim that two of the instructions given by the court are erroneous. We have examined the entire charge of the court given to the jury, and when the instructions are considered and construed as a whole and not in detached and isolated parts, they correctly advised the jury relative to the law by which they were to be controlled in arriving at a verdict, and hence, if the insistence of counsel relative to the inaccuracy of the instructions in question be granted, it would not operate in reversing the judgment. *Rains* v. *State, supra,* and cases there cited. Again, upon another view of the case, the evidence so clearly establishes that appellant is guilty of the wrong imputed to him under the complaint, and the one which the statute condemns, that, were the alleged errors relative to the instructions in question conceded to exist, this court, in consideration of section 658 R. S. 1881, section 670 Burns 1894, would not be justified in disturbing the judgment of the trial court. The death of appellant since the submission of this appeal being suggested, the judgment is therefore ordered by the court to be affirmed as of the date of submission.