**John F. FREIDLINE, and Indiana Land Trust 170198, John Freidline, Trustee, Appellants–Defendants,**

v.

**CIVIL CITY OF SOUTH BEND, Appellee–Plaintiff.**

No. 71A03–9912–CV–442.

Court of Appeals of Indiana.

Aug. 8, 2000.

Fred R. Hains, Fred R. Hains & Associates, South Bend, Indiana, Attorney for Appellants.

Ann–Carol Nash, Assistant City Attorney, South Bend, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge

The Indiana Land Trust 170198 and John F. Freidline, trustee (collectively referred to as the "Land Trust") appeal the trial court's grant of summary judgment in favor of the Civil City of South Bend (the "City"). We affirm.

### Issue [1]

The Land Trust raises three issues, which we consolidate and restate as follows:

> Whether the trial court properly granted summary judgment in favor of the City when the penalty provision of Indiana Code section 36–7–9–7(d) is a criminal sanction, and thus, the Land Trust was entitled to the constitutional protections of a criminal proceeding before the Hearing Authority.

### Facts and Procedural History

The facts reveal that prior to October 9, 1998, the Land Trust owned property located at 1701 South Warren Street in South Bend Indiana. The property contains a single family residence. Freidline

---

1. We note that the Land Trust also raised the issue that it was entitled to collaterally attack the hearing officer's orders because the penalty provision of Indiana Code section 36–7–9–7(d), which vested the hearing officer with the authority to impose the monetary penalty, is unconstitutional and thus, the hearing officer lacked subject matter jurisdiction to impose the one thousand dollar penalty against the Land Trust. Because we have determined that the penalty provision of Indiana Code section 36–7–9–7(d) is a civil sanction, we need not address this issue.

was the trustee of the Land Trust. On October 9, 1998, Jody Osborne purchased the property; however the Land Trust retained a mortgage interest in the property.

On December 6, 1996, the South Bend Department of Code Enforcement (the "Enforcement Authority") issued an Order to Comply and Notice of $1,000.00 Civil Penalty and Repair Hearing to the Land Trust, directing the Land Trust to complete certain repairs to the property by December 19, 1996, because the property was in violation of several exterior building codes. The order also provided that the Land Trust was to appear before the Hearing Authority on December 19, 1996, to account for the condition of the property.

On December 19, 1996, the date of the proceeding before the Hearing Authority, a maintenance man appeared on behalf of the Land Trust. Thereafter, the hearing officer issued an Order and Findings of Fact and Action Taken with regard to the property. The hearing officer found that the list of code violations were "accurate, true and correct and exists on the premises as of [April 11, 1996]" and that "[t]here has been no repair compliance." R. 23. The hearing officer ordered the Land Trust to complete the exterior building repairs to the property. The hearing officer's order also provided that "[u]pon a finding of willful failure to comply with the prior order, it is the action of the hearing officer to impose a civil penalty in the amount of $1,000.00, which is postponed to April 18, 1997." *Id.* The Land Trust did not appeal the hearing officer's December 19, 1996 order.

On January 12, 1998, the Enforcement Authority issued another Order to Comply and Notice of $1,000.00 Civil Penalty and Repair Hearing to the Land Trust. The order provided that the property was still in violation of exterior building codes and directed the Land Trust to complete those repairs by January 29, 1998. The order further required the Land Trust to appear before the Hearing Authority on January 29, 1998, to account for the condition of the property.

On January 29, 1998, the Land Trust appeared before the hearing authority and its interests were represented. Thereafter, the hearing officer found that the property remained in violation of several exterior building codes and that the "cumulative effect of the code violations present on the premises renders the premises unsafe." R. 31. The hearing officer ordered the Land Trust to complete the repairs. The hearing officer also ordered that "[u]pon a finding of a willful failure to comply with the prior order, it is the action of the hearing officer to impose a civil penalty in the amount of $1,000.00, postponed until March 31, 1998." R. 31. The Land Trust did not appeal the hearing officer's January 29, 1998 order.

On October 20, 1998, the Enforcement Authority issued another Order to Comply and Notice of $1,000.00 Civil Repair Hearing, directing the Land Trust to complete the repairs to the property by November 19, 1999. The order further required the Land Trust to appear before the Hearing Authority on November 19, 1999, to account for the condition of the property. At the November 19, 1999, proceeding before the Hearing Authority, the Land Trust appeared and its interests were represented. Thereafter, the hearing officer entered an order directing the Land Trust to complete the repairs to the property. In addition, the order provided that "[u]pon a finding of a willful failure to comply with the prior order, it is the action of the hearing officer to impose a civil penalty in the amount of $1,000.00, effective immediately." R. 40. The Land Trust did not appeal the hearing officer's November 19, 1999 order.

On December 11, 1998, the City filed a Record for Collection of Civil Penalty Imposed Pursuant to Indiana Code section 36–7–9–7(d) with the trial court to collect

the three civil penalties[2] levied by the hearing officer against the Land Trust. Thereafter, the City and the Land Trust filed cross-motions for summary judgment. On June 8, 1999, the Land Trust provided a Notice of Challenge to the Constitutionality of Indiana Code section 36–7–9–7(d) to the Attorney General of Indiana. Following a hearing on the cross-motions for summary judgment, the trial court granted summary judgment in favor of the City. This appeal ensued.

### Discussion

The Land Trust contends that the penalty provision of Indiana Code section 36–7–9–7(d) is unconstitutional because the monetary penalty essentially operates as a criminal, rather than a civil, sanction and thus, an individual is entitled to the constitutional protections of a criminal proceeding when appearing before the Hearing Authority We disagree.

### I. Standard of Review For Summary Judgment

We employ the same standard used by the trial court when reviewing the grant or denial of summary judgment. *Dague v. Fort Wayne Newspapers, Inc.,* 647 N.E.2d 1138, 1139 (Ind.Ct.App.1995), *trans. denied.* "Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 1139–40 (citing Ind. Trial Rule 56(C)). A trial court's grant of summary judgment is "clothed with a presumption of validity" on appeal, and the appellants bear the burden of demonstrating that the trial court erred. *Colen v. Pride Vending Serv.,* 654 N.E.2d 1159, 1162 (Ind.Ct.App. 1995), *trans. denied.* Nevertheless, we must carefully scrutinize the trial court's decision to ensure that the Land Trust was not improperly denied their day in court.

*See id.* The fact that the parties make cross-motions for summary judgment does not alter our standard of review. Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Hendricks County Bank & Trust Co. v. Guthrie Bldg. Materials, Inc.,* 663 N.E.2d 1180, 1183 (Ind.Ct.App.1996).

### II. Constitutionality

### A. Standard of Review

Every statute stands before us clothed with the presumption of constitutionality until clearly overcome by a contrary showing. *State v. Rendleman,* 603 N.E.2d 1333, 1334 (Ind.1992). The party challenging the constitutionality of the statute bears the burden of proof, and all doubts are resolved against that party. *Id.* If two reasonable interpretations of a statute are available, one of which is constitutional and the other not, we will choose that path which permits upholding the statute because we will not presume that the legislature violated the constitution unless the unambiguous language of the statute requires that conclusion. *Price v. State,* 622 N.E.2d 954, 963 (Ind.1993).

### B. Constitutionality of Indiana Code section 36–7–9–7(d)

The Land Trust argues that the civil penalty provision of Indiana Code section 36–7–9–7(d) operates "to punish the property owner for failure to comply with [a hearing officer's] order, rather than to compel the property owner to comply with the order." Brief of Appellants at 7. "As such these fines have the effect of a criminal, rather than a civil sanction, and the due process provided for under Article I, § 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution ought to be afforded to [the

---

**2.** Three penalties in the amount of $1,000.00 each were imposed by the hearing officer against the Land Trust, for a total of $3,000.00. We note that money collected from the imposition of civil penalties is placed in the Unsafe Building Fund. *See* Indiana Code § 36–7–9–14.

Land Trust]." *Id.* The City argues that the penalty is civil in nature and was imposed against the Land Trust "to promote property maintenance, not retribution." Brief of Appellee at 4.

We note initially that the Unsafe Building Law, codified in Indiana Code section 36–7–9–1 through –28, allows municipalities and counties to regulate the use of property in order to protect the public health, safety, and welfare. *City of Gary By & Through Dep't of Redevelopment v. Ruberto,* 171 Ind.App. 1, 354 N.E.2d 786, 790 (Ind.Ct.App.1976). The Land Trust does not challenge the validity of the entire Unsafe Building Law, only the portion of the Unsafe Building Law which permits the imposition of a monetary penalty in the amount of one thousand dollars against a non-complying property owner. Specifically, the Land Trust challenges the penalty provision of Indiana Code section 36–7–9–7(d), which provides in pertinent part that:

> At the conclusion of any hearing at which a continuance is granted, the hearing authority may make findings and take action to:
>
> (1) affirm the order;
>
> (2) rescind the order; or
>
> (3) modify the order, but unless the person to whom the order was issued, or counsel for that person, is present at the hearing, the hearing authority may modify the order in only a manner that makes its terms less stringent.
>
> In addition to affirming the order, in those cases in which the hearing authority finds that there has been a willful failure to comply with the order, the hearing authority may impose a civil penalty in the amount not to exceed one thousand dollars ($1,000). The effective date of the civil penalty may be postponed for a reasonable period, after which the hearing authority may order the civil penalty reduced or stricken if the hearing authority is satisfied that all work necessary to fully comply with the order has been done.

This Indiana statute provides a means by which municipalities and counties may enforce local building codes. In the present case, the hearing officer imposed the one thousand dollar penalty against the Land Trust for failing to comply with an order directing the Land Trust to make exterior building repairs to bring the building in compliance with five local building codes. R. 16–19, 28–29, 36–38. Historically, violations of municipal ordinances have been deemed civil if there is only a monetary penalty, but criminal with full constitutional safeguards if imprisonment is or can be imposed. *Wirgau v. State,* 443 N.E.2d 327, 330 (Ind.Ct.App.1982).

The Land Trust argues that it was entitled to the criminal protections afforded under Article One, section 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution before the Hearing Authority because the monetary penalty, although labeled "civil," is actually criminal in nature. Article One, section 13 of the Indiana Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed." The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. . . ."

The distinction between a civil penalty and a criminal penalty is of some constitutional import. *United States v. Ward,* 448 U.S. 242, 248, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980). The protections afforded under Article I, section 13 of the Indiana Constitution only apply to criminal proceedings. *See generally, Durham v. State,* 117 Ind. 477, 19 N.E. 327, 329 (1889) ("Our constitution, in speaking of criminal prosecutions, does not refer to the enforcement of statutory penalties"). In addition, the protections provided by the Sixth Amend-

ment are available only in criminal prosecutions, as well. *Ward,* 448 U.S. at 248, 100 S.Ct. 2636. Thus, if an individual is subjected to a civil proceeding and sanction, that individual is not entitled to the constitutional protections of Article I, section 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution. Therefore, we must determine whether the penalty provision of Indiana Code section 36–7–9–7(d) is a civil or criminal sanction.

■ The question whether a particular statutorily defined penalty is civil or criminal is a matter of statutory construction. *Id.* The United States Supreme Court has utilized a two-part test to determine the nature of a penalty. The first step is to determine whether the legislative body, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other. *Id.* The second step is to determine whether the statutory scheme was so punitive either in purpose or effect as to negate the legislative body's intention to create a civil penalty. *Id.* The Indiana Supreme Court has adopted this two-part test to determine whether a sanction is civil or criminal. *State v. Hurst,* 688 N.E.2d 402, 404 (Ind.1997).

## 1. Legislative Intent

Our initial inquiry is to determine whether the legislature intended the penalty to be civil or criminal. *Ward,* 448 U.S. at 248, 100 S.Ct. 2636. A "civil" label is not always dispositive. *Kansas v. Hendricks,* 521 U.S. 346, 361, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). Indiana Code section 36–7–9–7(d) expressly provides that "the hearing authority may impose a *civil* penalty in the amount not to exceed one thousand dollars ($1,000)" (emphasis added). The statute clearly has a "civil" label. Moreover, the statute does not allow a hearing officer to impose a criminal sentence against a non-complying property owner. Because the Indiana General Assembly has labeled the penalty "civil," and

the only remedy for the government is the monetary penalty, we believe that the legislature intended to allow the imposition of penalties under Indiana Code section 36–7–9–7(d) without regard to the procedural protections and restrictions available in criminal prosecutions.

## 2. The Nature of the Penalty

Because we have determined that the legislature intended the penalty provision of Indiana Code section 36–7–9–7(d) to be a civil sanction, we must now determine the actual nature of the penalty. The second step of the *Ward* analysis is to consider whether the legislature, despite its manifest intention to establish a remedial mechanism, nevertheless provided for sanctions so punitive as to "transform what was clearly intended as a civil remedy into a criminal penalty." *Ward,* 448 U.S. at 249, 100 S.Ct. 2636 (quoting *Rex Trailer Co. v. United States,* 350 U.S. 148, 154, 76 S.Ct. 219, 100 L.Ed. 149 (1956)). With regard to this second prong of the *Ward* test, the United States Supreme Court has stated that "only the clearest proof could suffice to establish the unconstitutionality of a statute on such a ground." *Flemming v. Nestor,* 363 U.S. 603, 617, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).

The United States Supreme Court has articulated seven factors to aid courts in determining the nature of a statutory penalty. *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). The factors set forth in *Kennedy* include: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment, retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable to it; and (7) whether it appears excessive in relation to the alterna-

tive purpose assigned. *Id.* at 168–69, 83 S.Ct. 554. Absent conclusive evidence of legislative intent as to the penal nature of a statute, these factors must be considered in relation to the statute on its face. *Id.* at 169, 83 S.Ct. 554. This list of factors is neither exhaustive nor dispositive. *Ward,* 448 U.S. at 249, 100 S.Ct. 2636.

Without setting forth here our assessment of each of the seven *Kennedy* factors, we believe that the Land Trust failed to provide clear proof that the penalty provision of Indiana Code section 36–7–9–7(d) is a criminal sanction. Looking to the statutory scheme of the Unsafe Building Law, it is apparent that the penalty provision provides a means by which counties and municipalities can obtain the compliance of a property owner with local building laws without subjecting the landowner to affirmative restraint or disability, such as incarceration in a penal facility. The penalty provision of Indiana Code section 36–7–9–7(d) clearly comports with the civil nature of the Unsafe Building Law, and it does not promote the traditional aims of punishment, retribution, or deterrence associated with criminal sanctions.

Furthermore, Indiana Code section 36–7–9–7(d) provides in pertinent part that "[t]he effective date of the civil penalty may be postponed for a reasonable period, after which the hearing authority may order the civil penalty reduced or stricken if the hearing authority is satisfied that all work necessary to fully comply with the order has been done." Thus, the statute vests the hearing officer with the discretion to reduce or withdraw the one thousand dollar penalty if he believes that the landowner has brought the property in compliance with the local building code. Clearly the penalty provision does not have the effect of punishing past behavior, but in fact encourages the landowner to take remedial action to cure dangerous and unsightly defects in his or her property. Thus, we conclude that the actual nature of the penalty provision of Indiana Code section 36–7–9–7(d) comports with

the legislature's intent that the one thousand dollar penalty operate as a civil sanction.

### Conclusion

Based on the foregoing, we hold that the trial court properly granted summary judgment in favor of the City because the penalty provision of Indiana Code section 36–7–9–7(d) is a civil sanction, and thus, the Land Trust was not entitled to the constitutional protections afforded in criminal proceedings before the Hearing Authority.

Affirmed.

SHARPNACK, C.J., and BARNES, J., concur.