UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2005[*]
Decided September 27, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2258

| | |
|---|---|
| JAMES BEDREE,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>IVAN A. LEBAMOFF, individually<br>and in his official capacity, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division<br><br>No. 1:04-CV-427 TLS<br><br>Theresa L. Springmann,<br>*Judge.* |

## O R D E R

James Bedree filed a *pro se* action under 42 U.S.C. §§ 1983, 1985, and 1986, alleging that a number of state court judges, lawyers, city officials, and one of his nephews conspired to violate his constitutional rights in connection with probate proceedings involving his late sister's estate. His complaint comprises seven allegations, which we will attempt briefly to encapsulate. He claims that: (1) he was deprived of certain real estate properties deeded to him by his late sister when

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

one of the defendants prevailed in an "action" to void the deeds by blackmailing his only witness to prevent him from testifying; (2) he lost his business when another of the defendants evicted him from his "operating business property"; (3) the same defendant prevailed against him in a civil fraud "action" using evidence she obtained through an unlawful search and seizure of his financial records; (4) his nephew, the current personal representative of his sister's estate, breached his fiduciary duty by submitting fraudulent claims for attorney's fees to the probate court; (5) the probate commissioner deprived him of due process by failing to allow him notice and a hearing before making decisions on attorney's fees and the appointment of an attorney for the estate; (6) he was arrested and imprisoned for failing to remedy building code violations on property he claimed he did not own; and (7) he was deprived of due process when one of the judicial defendants enjoined him from filing further state lawsuits against persons involved in the previous proceedings without permission of the court.

The district court disposed of this matter in two stages: first, it granted the state court judges' motion to dismiss based on absolute judicial immunity; then after giving Bedree an opportunity to amend his complaint, the court dismissed the complaint as to the rest of the defendants under the *Rooker-Feldman* doctrine. *Rooker-Feldman* prohibits the lower federal courts from reviewing decisions of the state courts in civil matters. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Recent decisions by the Supreme Court and, since then, this court, require further examination of some of the issues raised by the plaintiff. For the reasons that follow, we remand the case for further consideration in the district court.

We note initially that the district court erred in dismissing some of the defendants on the ground of immunity before completing its *Rooker-Feldman* analysis. Where *Rooker-Feldman* applies, the district court cannot reach any affirmative defenses. *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 535 (7th Cir. 2004); *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). But our principal concern is the validity of the district court's jurisdictional dismissal.

Bedree argues, invoking the Supreme Court's opinion in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), that dismissal of his claims was error because the probate proceedings were ongoing and thus without a "final judgment" on which to predicate *Rooker-Feldman*. He has a point, to a limited extent. *Exxon Mobil*, which clarified the scope of the *Rooker-Feldman* doctrine only one day after the district court issued its final order in this case, held that application of *Rooker-Feldman* is limited to situations in which "the losing party in state court filed suit in federal court after the state proceedings ended." *Id.* at 291. Such litigation is prohibited because authority to review a state court's judgment is vested solely in the Supreme Court. *Id.* at 292. At least two of Bedree's

claims—the breach of fiduciary duty claim and the due process claim against the probate commissioner—do not fall within this criterion because it is plain from the face of his complaint that they involve matters at issue in the continuing probate proceedings. Such matters, we have recently held, are outside the scope of *Rooker-Feldman* because they cannot be said to be "the subject" of a state court judgment. *Jones v. Brennan*, No. 04-3528, 2006 WL 2337610, at *1 (7th Cir. Aug. 14, 2006).

But this does not mean that the district court had jurisdiction over these claims. The claim against the probate commissioner confronts another jurisdictional bar: the probate exception to federal jurisdiction. The probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." *Marshall v. Marshall*, 126 S. Ct. 1735, 1748 (2006); *see also Jones*, 2006 WL 2337610, at *1. As we said in *Jones*, this exception is as applicable to federal-question cases like this one as it is to the diversity cases in which it is usually invoked. *See Jones*, 2006 WL 2337610, at *1. And Bedree's request for the district court to remedy what he perceives as errors in the state court's administration of the estate, like the plaintiff's request in *Jones*, is equivalent to asking the district court to take over administration of the estate. *Id.* at *3. This violates the probate exception even under the Supreme Court's narrowed construction of the exception in *Marshall*. *See Marshall*, 126 S. Ct. at 1748 (limiting probate exception to proscribe only "disturb[ing] or affect[ing] the possession of property in the custody of a state court") (internal citation and quotation omitted); *Jones*, 2006 WL 2337610, at *3. The breach of fiduciary duty claim, on the other hand, is not barred by the probate exception because it need not necessarily affect the administration of the estate. *See Marshall*, 126 S. Ct. at 1748; *Jones*, 2006 WL 2337610, at *3. But it is a state law claim, and as such cannot by itself support federal jurisdiction. *See Jones*, 2006 WL 2337610, at *4.

At least some of Bedree's claims, though, *are* barred by *Rooker-Feldman*. His challenge to the state court's injunction against filing further lawsuits, which was issued in the context of proceedings against his nephew, certainly is. *Rooker-Feldman* applies to any judgment based on proceedings in a state court of a judicial nature, *see Feldman*, 460 U.S. at 482, and we have held that imposition of filing restrictions is a judicial action, *see In re Chapman*, 328 F.3d 903, 904 (7th Cir. 2003) (per curiam). In addition, we strongly suspect that the various "action[s]" Bedree refers to in his complaint are independent though related suits. If so, as long as they proceeded to final judgment before he filed his suit in the district court, they will be independently subject to *Rooker-Feldman*. It is not enough, as he suggests, that the probate proceedings are in some sense the "primary matter" at issue.

However, the district court did not analyze its application of *Rooker-Feldman* with sufficient specificity, nor is there enough information in the record to allow us to determine whether to apply *Rooker-Feldman* (or the probate exception) to

Bedree's remaining claims.  And we are dubious about the application of *Rooker-Feldman* to his claim that he was arrested and imprisoned, which appears to involve a criminal conviction.  *See Freidline v. Civil City of South Bend*, 733 N.E.2d 490, 494 (Ind. Ct. App. 2000) (noting that "[h]istorically, violations of municipal ordinances [such as building codes] have been deemed civil if there is only a monetary penalty, but criminal with full constitutional safeguards if imprisonment is or can be imposed").  *Rooker-Feldman* is confined to civil matters.  *See Crestview Vill. Apartments v. United States Dep't of Hous. and Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004); *Zurich Am. Ins. Co. v. Super. Ct. for the State of Cal.*, 326 F.3d 816, 821 (7th Cir. 2003).  Accordingly, we will leave the remaining claims to be sorted out by the district court on remand in accordance with the guidance we have given in this order and in our opinion in *Jones*.

The judgment is VACATED and REMANDED for further proceedings in the district court.