**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 23, 2010[*]
Decided October 1, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1768

| | |
|---|---|
| JAMES BEDREE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | |
| | No. 1:04-CV-427 RL |
| MITCHELL BEDREE, et al., | |
| *Defendants-Appellees.* | Rudy Lozano, |
| | *Judge.* |

**O R D E R**

James Bedree alleges that everyone involved in a series of events loosely related to the administration of his late sister's estate had conspired to deprive him of several constitutional rights. *See* 42 U.S.C. § 1983. The district court dismissed most of his claims on jurisdictional grounds and granted summary judgment for the defendants on the others. We affirm the judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

According to James, a few months before his sister Emily's death, she conveyed some real estate to him. James ran his business out of one of these properties, and despite the conveyance, he still had a lease with his sister. After her death, Emily's estate, represented by her nephew Mitchell Bedree, claimed that her signature on the deeds had been forged. At a bench trial in Indiana state court, a handwriting expert testified that the signatures on the deeds were not Emily's. The court concluded that the deeds were fakes and declared them void. The Court of Appeals of Indiana affirmed. *See Bedree v. Bedree*, 747 N.E.2d 1192, 1198 (Ind. Ct. App. 2001). The property became part of Emily's estate.

In 2001, a few months after the trial, Fort Wayne's Neighborhood Code Enforcement Division issued James a citation and ordered him to appear in court on the charge that the property he leased from Emily violated a city ordinance. But James did not appear at his court hearing and so he was arrested. The day after his arrest, he appeared in court and was released; the charges were dropped the next month.

Meanwhile, the administration of Emily's estate continued. The estate's attorneys obtained fees for their services and tried to negotiate a lease with James, asking for $2,000 a month plus utilities; James insisted this was unreasonable, and the estate evicted him. At some point, Emily's estate found a promissory note from James payable to Emily; James maintains that the note was fabricated. After an Indiana state court entered judgment on the note on behalf of the estate, James peppered the Indiana state courts with motions until a state-court judge barred him from filing any more actions relating to Emily's estate.

So in 2004, James filed a complaint in federal court. He alleged that the municipal defendants—the Enforcement Division, its employees, and the city clerk—wrongfully arrested and imprisoned him. He also sued Mitchell, Emily's estate, and its lawyers. He claimed that they fraudulently deprived him of the real estate deeded to him by his sister; that he lost his business when he was evicted; that the estate's lawyers improperly recovered on the promissory note, which he insists was the product of an "unlawful search and seizure"; that Mitchell breached his fiduciary duty to Emily's estate by submitting fraudulent claims for attorney's fees; and that counsel improperly collected these fees. He also named as coconspirators many of the state court judges who ruled against him.

The district court dismissed the complaint under the *Rooker-Feldman* doctrine, which prohibits lower federal courts from reviewing decisions of the state courts in civil matters. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). But we vacated and remanded because, at the time, the record did not contain enough information to allow us to determine to which of Bedree's claims we could properly apply *Rooker-Feldman* or the probate exception to federal jurisdiction. *See Bedree v. Lebamoff,* 202 F.

App'x 913, 915-16 (7th Cir. 2006).  On remand the district judge recused herself, the defendants supplemented their original filings, and after a volley of motions, the new district judge again disposed of all James's claims in a series of rulings.

Now on appeal, James takes issue with our refusal to reassign the case to a different district judge on remand, *see* CIR. R. 36, the district court's grant of summary judgment for the municipal defendants, and the dismissal of the estate-related defendants on jurisdictional grounds.  We deal with each of these issues in turn.

First, James contends that after this court's remand, we should have reassigned the case to a new district judge.  Circuit Rule 36 authorizes us to reassign a case on a remand for a new trial.  *See* CIR. R. 36; *Cange v. Stotler & Co.*, 913 F.2d 1204, 1208 (7th Cir. 1990).  But James's case never reached trial.  James further suggests that reassignment was necessary because the judge's prior dismissal of his complaint showed her prejudice against the case.  But judicial rulings rarely present a valid basis to question a judge's impartiality.  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).  In any event, the judge later did recuse herself.

James also takes issue with the district court's grant of summary judgment for the municipal defendants.  The court ruled that his wrongful arrest and false imprisonment claims, *see* 42 U.S.C. § 1983, were barred by Indiana's 2-year statute of limitations for personal-injury actions, *see* IND. CODE § 34-11-2-4.  James insists that the 5-year statute of limitations applicable to actions against law enforcement for acts in the course of their official duty applies to this case.  *See* IND. CODE § 34-11-2-6.  This argument comes too late as he did not make this argument in the court below.  *See, e.g.*, *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010).  In any case, the statute of limitations for claims brought in federal court in Indiana under 42 U.S.C. § 1983 is the same as for personal-injury actions, which in Indiana, is two years.  *See, e.g.*, *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699-700 (7th Cir. 2005); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995).

Next, James attacks the district court's dismissal of the estate-related defendants. His arguments are difficult to follow, but we understand him to suggest that the district court failed to explain why it dismissed his claims against these defendants.  *See* CIR. R. 50; *Helcher v. Dearborn Cnty.*, 595 F.3d 710, 719 (7th Cir. 2010).  But the court did explain its reasons thoroughly in a series of orders.  Because the court's reasoning is apparent from the record, no remand is required.  *See Helcher*, 595 F.3d at 719 n.4; *United States v. Forman*, 553 F.3d 585, 590 (7th Cir.), *cert. denied,* 129 S. Ct. 2817 (2009).

We also understand him to argue that the district court wrongly concluded that it lacked subject-matter jurisdiction over his claims seeking relief for the voided deeds, his eviction, the promissory note, and the attorneys' fees obtained from the estate. But on appeal he ignores the *Rooker-Feldman* issue. The record shows that, after litigating the matters fully in state court, he lost all his claims opposing the voided deeds, his eviction, and the promissory note. As the state-court loser, he cannot bring suit in federal court to obtain relief that would effectively set aside the state-court judgments on those matters. *See, e.g., Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *Johnson v. Orr*, 551 F.3d 564, 567-68 (7th Cir. 2008). The district court also concluded that the probate exception to federal jurisdiction barred it from adjudicating James's challenges to the attorneys' fees awarded in the probate proceeding. The probate exception reserves to state probate courts the administration of a decedent's estate, and it precludes federal courts from trying to dispose of property that is in the custody of the state probate court. *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006); *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007). Legal fees are costs of administering the estate, *see Lurie v. Comm'r*, 425 F.3d 1021, 1028 (7th Cir. 2005), and thus, if the district court weighs in on the propriety of these fees it would improperly intrude into administration of the estate.

Last, James insists that his breach-of-fiduciary-duty claim against Mitchell should have proceeded in federal court. *See Jones v. Brennan*, 465 F.3d 304, 307-08 (7th Cir. 2006). But we explained in our prior decision that, even though this falls outside the scope of *Rooker-Feldman* and the probate exception, this claim alone does not support federal jurisdiction. *Bedree*, 202 F. App'x at 915.

AFFIRMED.